Sylvester Harold PECK, Appellant,

v.

Hughes County Sheriff Arlo
MORTIMER, Appellee.

No. 81–1251.

United States Court of Appeals,
Eighth Circuit.

Submitted June 8, 1981.
Decided June 10, 1981.

Sylvester Harold Peck, pro se.

Max A. Gors, Pierre, S. D., for appellee.

Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

Appellant Sylvester Peck, an inmate of the South Dakota State Penitentiary at Sioux Falls, South Dakota, appeals pro se from an order of the district court [1] denying certification of a plaintiff class and dismissing Peck's complaint without prejudice on the ground that it was without merit. On appeal, we do not reach the merits of the district court's dismissal, but instead dismiss the appeal as moot.

1. The Honorable Donald J. Porter, United States District Judge for the District of South Dakota.

Pursuant to 42 U.S.C. § 1983, Peck complained in district court of unconstitutional conditions of confinement in the Hughes County jail. His only contact with the jail occurred in June, 1980, when Peck was housed in the jail for two days during the trial of an unrelated civil rights lawsuit. In his complaint, Peck sought injunctive and declaratory relief on behalf of himself and a plaintiff class defined as "all present and future inmates of the Hughes County jail." [2]

■ We find no abuse of discretion in the district court's refusal to certify this plaintiff class. Peck's complaint shows on its face that he is an inmate of the state penitentiary, not the Hughes County jail. His two-day confinement in the jail was far shorter than that of the inmate class, which is described by Peck as suffering confinement from "ten to ninety days." Moreover, Peck did not allege that he was personally subjected to all of the conditions of which he complains. Regardless of how we might construe the typicality requirement of Fed. R.Civ.P. 23(a), see Donaldson v. Pillsbury Co., 554 F.2d 825, 829–32 (8th Cir.), cert. denied, 434 U.S. 856, 98 S.Ct. 177, 54 L.Ed.2d 128 (1977), Peck is not a suitable class representative.

■ If this were a class action or if Peck had requested monetary relief, our analysis of the mootness of this appeal would of necessity be different. See Watts v. Brewer, 588 F.2d 646, 648 (8th Cir. 1978); Ahrens v. Thomas, 570 F.2d 286, 288–89 (8th Cir. 1978). In the present circumstances, however, where no class has been certified and where no monetary relief is sought the return of Peck to the state penitentiary in July, 1980 renders moot the need for injunctive relief. Haley v. Wyrick, No. 80–1502 (8th Cir. May 5, 1981) (per curiam) (slip op. at 3); Watts v. Brewer, supra, 588 F.2d at 648; cf. Willis v. Ciccone, 506 F.2d 1011, 1019 (8th Cir. 1974) (federal prisoner's habeas corpus action alleging unconstitutional conditions of confinement rendered moot by transfer).

■ As to Peck's request for declaratory relief, we must similarly inquire whether the facts alleged show that there is a real and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Super Tire Engineering Co. v. McCorkle, 416 U.S. 115, 122, 94 S.Ct. 1694, 1698, 40 L.Ed.2d 1 (1974). Here, we have no expectation that Peck will again be subject to conditions in the Hughes County jail. A live controversy is wholly lacking.

We vacate the judgment of the district court dismissing Peck's complaint, dismiss the appeal as moot, and remand the cause to the district court for entry of an order dismissing the action as moot.

---

2. Peck specifically alleged that (1) 'defendant-appellee Arlo Mortimer, the Hughes County Sheriff, censors incoming mail; (2) defendant fails to open mail in front of inmates; (3) defendant fails to maintain a footbath to discourage athlete's foot and fails to protect inmates from other inmates' vermin such as scabies and crabs; (4) defendant fails to provide hot water for showers and has failed to replace a missing showerhead; (5) defendant refuses to let newspapers and magazines come into the jail.