719 F.2d 938
 Bennie R. THOMPSON, Appellant,
v.
William French SMITH, Attorney General for the United States
and Joseph Petrovsky, Warden of the United States
Medical Center for Federal Prisoners, Appellees.
 No. 83-1170.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 21, 1983.
Decided Oct. 27, 1983.
 
 Robert G. Ulrich, U.S. Atty., Michael A. Jones, Asst. U.S. Atty., Springfield, Mo., for appellees.
 Michael A. Jones, Asst. U.S. Atty., Springfield, Mo., for appellees.
 Bennie R. Thompson, pro se.
 Before LAY, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bennie R. Thompson appeals the district court's[1] refusal to issue a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. We affirm.
 
 
 2
 In July 1980 Bennie Thompson was convicted of mail fraud in violation of 18 U.S.C. Sec. 1341 in the United States District Court for the Eastern District of Michigan. He received a fifteen year sentence on August 20, after which he was sent to the Federal Correction Institution at Milan, Michigan. In September of 1980, Thompson was transferred to the Medical Center for Federal Prisoners in Springfield, Missouri (MCFP). He stayed at the MCFP until October 23, when he was sent back to Milan. Sometime in 1981 Thompson was transferred to the Federal Correction Institution at Oxford, Wisconsin (FCI-Oxford). On April 15, 1982, Thompson was sent back to the MCFP at Springfield for psychiatric evaluation and observation. Thompson filed a pro se petition for habeas corpus in the Western District of Missouri on April 27, 1982. Subsequently, he was sent back to the FCI at Oxford.
 
 
 3
 Thompson's pro se claims fall into two distinct categories. The first of these can be characterized as an attack on his conviction; he argues that he was forced through a jury trial, conviction and sentencing, all without assistance of counsel. In fact, at the time Thompson filed his petition in the Western District of Missouri, he had a direct appeal pending in the Sixth Circuit. The second category of allegations concerned Thompson's treatment in the MCFP. Seeking money damages, he claimed that he was placed in "maximum lock restraint," which caused him to be late in filing his notice of appeal in the Sixth Circuit. He further alleged that he was illegally confined in a psychiatric ward for examination. In addition, he alleged that his retransfer from the FCI-Oxford to the MCFP in April 1982 was effected solely to interfere with his pursuance of a civil action pending in federal district court in Wisconsin. He claimed that he is totally disabled; he stated that he had injured his back while at the FCI-Oxford, and that he was forced to work in the MCFP, thus aggravating his injury. Finally, Thompson alleged that he suffered racial harassment in the MCFP.
 
 
 4
 The district court assigned the motion to a magistrate for preliminary review pursuant to 28 U.S.C. Sec. 636(b). Focusing on Thompson's complaints about his treatment in the MCFP, the magistrate determined that in the context of section 2241, the claims had all been rendered moot as a result of his retransfer to the FCI-Oxford. Noting that Thompson also sought money damages, the magistrate pointed out that he had not exhausted his administrative remedies with regard to those claims. The magistrate recommended that Thompson be denied leave to proceed in forma pauperis. The district court approved and adopted the magistrate's findings of fact and conclusions of law, adding that Thompson's claims regarding his indictment and incarceration must be addressed to the committing court. His petition was dismissed without prejudice.
 
 
 5
 Thompson appeals pro se, raising 13 "issues" and nine "causes of action," which are essentially restatements of the claims he made in the district court. Giving the brief a liberal construction, his argument appears to be that the court erred in all its findings and conclusions. For purposes of discussion, we adopt the following framework, organizing the allegations into three main issues:
 
 
 6
 1) Did the court err in directing Thompson to seek habeas relief from his sentencing court?
 
 
 7
 2) Did the court err in dismissing as moot Thompson's claims concerning his conditions of confinement at MCFP?
 
 
 8
 3) Did the court err in dismissing Thompson's claim for money damages?
 
 
 9
 1) Several of Thompson's complaints refer to his original conviction and the validity of the sentence imposed by the United States District Court for the Eastern District of Michigan. We note initially that the district court was correct in directing that Thompson address his claims to the committing court. Claims such as these, which concern the lawfulness of a conviction, if not cognizable on direct appeal, should be addressed to the sentencing court pursuant to a motion to vacate under 28 U.S.C. Sec. 2255. Unlike a petition for habeas corpus, a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. Sec. 2255 is a further step in the movant's criminal case. As such, a federal prisoner's challenge to the validity of his sentence must be addressed to the committing court unless he can show that such a motion is inadequate or ineffective to test the legality of his detention. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); Zvonaric v. Mustain, 562 F.2d 570, 572 (8th Cir.1977); Humphries v. Ciccone, 428 F.2d 477, 478 (8th Cir.1970). Thompson has not alleged facts showing that a section 2255 motion would be ineffective. Furthermore, the Sixth Circuit reversed Thompson's conviction on direct appeal and remanded the case to the district court for a new trial. See United States v. Thompson, 703 F.2d 568 (6th Cir.1982).
 
 
 10
 2) In regard to his treatment at the MCFP, Thompson claims that he was forced to work in spite of the fact that he was 100 percent disabled, mentally and physically. He also alleges that he was beaten, harassed, intimidated, threatened, forced to undergo psychiatric treatment and given drugs against his will. The manager of the Diagnostic and Observation Unit, Dr. Mary A. Conroy, denied these allegations in an affidavit submitted to the district court. The court found that Thompson's habeas corpus claim was mooted by his subsequent retransfer to the FCI-Oxford. As a result of that transfer, Thompson no longer suffers from the conditions of which he complained. Willis v. Ciccone, 506 F.2d 1011 (8th Cir.1974), is dispositive. There, an inmate filed a petition for habeas corpus, alleging abuse and harassment while incarcerated at the MCFP. The court held that his claims had been mooted due to his transfer to another institution. See also Peck v. Mortimer, 650 F.2d 929, 930 (8th Cir.1981) (citing Willis for this holding).
 
 
 11
 3) Thompson requested money damages as compensation for being forced to perform prison work, for suffering involuntary psychiatric evaluation and for deprivation of certain legal material. The magistrate construed these as claims sounding in negligence, and concluded that as such, Thompson's proper remedy lay in a suit under the Federal Tort Claims Act, 28 U.S.C. Secs. 2671-2680. The district court dismissed these claims because Thompson had not exhausted his administrative remedies. Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the Federal Tort Claims Act. 28 U.S.C. Sec. 2675(a); Bor-Son Building Corp. v. Heller, 572 F.2d 174, 177 (8th Cir.1978).
 
 
 12
 Finding no error in the district court judgment, we affirm.
 
 
 
 [1]
 The Honorable William R. Collinson, United States District Court for the Western District of Missouri