**Robert L. SANDERS, Appellant,**

v.

**UNITED STATES of America, et al., Appellees.**

**No. 84-1895.**

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1984.

Decided April 22, 1985.

Thomas E. Carew, Kansas City, Mo., for appellant.

Robin J. Aiken, Asst. U.S. Atty., Springfield, Mo., for appellees.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

The plaintiff, Robert Sanders, appeals from the district court's [1] dismissal of his *pro se* complaint as frivolous under 28 U.S.C. § 1915(d) (1982). We affirm.

## I. Facts

The plaintiff was sentenced to two years in prison for mail fraud in violation of 18 U.S.C. § 1341 (1982), and began serving his sentence at the Federal Correctional Institute (FCI) at Lexington, Kentucky, pursuant to a court order that he receive medical treatment, in May of 1983. In April of 1984, the plaintiff was transferred to the

---

1. The Honorable William R. Collinson, United States District Court for the Western District of Missouri.

Medical Center for Federal Prisoners in Springfield, Missouri.

On June 4, 1984, the plaintiff filed a complaint, *pro se*, in federal district court. The complaint alleged violations of civil rights statutes, and alleged delays and denials of needed medical treatment in violation of the Eighth Amendment guarantee against cruel and unusual punishment. The complaint named as defendants The United States Bureau of Prisons, Warden Petrovsky of the Springfield Medical Center, Warden Elsea of FCI, and various personnel employed at FCI. The plaintiff sought damages in the amount of twenty-nine million dollars. The district court held that the plaintiff's allegations amounted to nothing more than a disagreement over the appropriate medical treatment the plaintiff should have received, and did not state a constitutional claim under the standards set forth by the Supreme Court in *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The court also noted that plaintiff had failed to allege any facts which would lead the court to conclude that it had jurisdiction over the Kentucky defendants. Because we hold that the plaintiff failed to allege facts which would support jurisdiction over any of the defendants, we do not reach the question of whether the plaintiff stated facts sufficient to constitute a constitutional violation.

## II. Discussion

■ A district court may dismiss a *pro se* complaint if it is satisfied that the complaint is frivolous. 28 U.S.C. § 1915(d) (1982). This court recently reiterated the standard to be followed in evaluating claims under § 1915(d). Under the liberal rules of construction applicable to *pro se* complaints, an action should be deemed frivolous only if it appears beyond doubt that the petitioner can prove no set of facts in support of the claim which would warrant relief. *Horsey v. Asher*, 741 F.2d 209, 211 (8th Cir.1984), *quoting, Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir.1983). *See Estelle*, 429 U.S. at 106, 97 S.Ct. at 292, *quoting, Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d

652 (1972). After a close reading of the plaintiff's detailed complaint, it is clear that he can allege no set of facts which would support an exercise of jurisdiction over the defendants by the district court.

■ The plaintiff's complaint alleges indifference to his medical needs and negligence in attending to those needs by FCI employees. A plaintiff in federal district court may use the long arm statute of the state in which the court sits to obtain personal jurisdiction over a nonresident defendant. *Charles Schmitt & Co. v. Barrett*, 670 F.2d 802, 804 (8th Cir.1982); *Fed. R.Civ.P.* 4(c)(2)(C)(i) & (d)(1). The legislative objective behind Missouri's long arm statute was to extend the jurisdiction of Missouri courts over nonresident defendants to the extent permissible under the due process clause of the Fourteenth Amendment. *Institutional Food Mktg. Assocs., Ltd. & Food Serv. Sys., Inc. v. Golden State Strawberries*, 747 F.2d 448, 455 (8th Cir.1984); *State ex rel. Caine v. Richardson*, 600 S.W.2d 82, 85 (Mo.App. 1980), *quoting, State ex rel. Deere & Co. v. Pinnell*, 454 S.W.2d 889, 892 (Mo.1970) (en banc). Under the Fourteenth Amendment, nonresident defendants must have sufficient minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Golden State Strawberries*, 747 F.2d at 455. Missouri's long arm statute authorizes the exercise of jurisdiction over an individual who commits a tortious act within the state. *Mo.Rev. Stat.* § 506.500.1(3) (1978). In Missouri, the minimum contacts requirement may be met by a single act if the cause of action arises from that act. *Caine*, 600 S.W.2d at 84, *citing, McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

The plaintiff's complaint fails to allege that the Kentucky defendants committed any act in Missouri. In his brief on appeal, the plaintiff argues that the Kentucky defendants' transfer of him to the Medical Center in Missouri is sufficient to establish minimum contacts with this state. This

argument must fail for two reasons. First, the Kentucky defendants themselves did not transport the plaintiff to Missouri. Thus, they have no contact with this forum. Second, even if the transfer was sufficient to establish minimum contacts, the plaintiff's cause of action did not arise from that act. Thus, there would be neither statutory nor constitutional authorization for a district court sitting in Missouri to exercise jurisdiction over the Kentucky defendants.

■ The plaintiff's complaint also names as a defendant the Warden of the Springfield Medical Center. However, the complaint does not allege any facts which would support an exercise of jurisdiction over the Warden, under 42 U.S.C. § 1983 (1982), in either his individual or official capacity. The complaint makes reference to three alleged acts of negligence which occurred at the Medical Center: that the plaintiff was put on a diet which was contraindicated by his diabetic condition; that necessary physical therapy was suspended while the plaintiff was at the Center; and that medical personnel at the Center through testing have determined that the creatinine level of his kidney is much higher than he believes it could be.

None of the allegations refer to personal involvement by the Warden, nor does the complaint state that the Warden had knowledge of these acts. Thus, any liability on the part of the Warden would be based on the doctrine of *respondeat superior* which is inapplicable to actions brought under § 1983. *Glick v. Sargent*, 696 F.2d 413, 414–15 (8th Cir.1983); *Careaga v. James*, 616 F.2d 1062, 1063 (8th Cir.), *cert. den.* 449 U.S. 851, 101 S.Ct. 140, 66 L.Ed.2d 62 (1980).

■ Finally, the plaintiff argues that his complaint states a cause of action against the United States under the Federal Tort Claims Act. 28 U.S.C. §§ 2671–80 (1982). However, the plaintiff's complaint does not indicate that he filed an administrative claim with the United States Bureau of Prisons before he filed this suit, as is required by the act. 28 U.S.C. § 2675 (1982). *See* 28 C.F.R. §§ 0.96(1), 0.172, 543.30, 543.-

31 (1984). The timely filing of an administrative claim and exhaustion of administrative remedies are jurisdictional prerequisites to suit under the Act. *Thompson v. Smith*, 719 F.2d 938, 941 (8th Cir.1983); *Bruce v. United States*, 621 F.2d 914, 918 (8th Cir.1980).

Thus, the district court would not have been able to assert jurisdiction over the Kentucky defendants, the Missouri defendant, or the United States, and properly dismissed the claim under § 1915(d). Accordingly, the dismissal of the plaintiff's *pro se* complaint is affirmed.