791 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DAVID L. FERRIS, Petitioner-Appellant,
v.
CALVIN R. EDWARDS, Respondent-Appellee.
 85-1644
 United States Court of Appeals, Sixth Circuit.
 4/24/86
 
 AFFIRMED
 E.D.Mich.
 ORDER
 BEFORE: LIVELY, Chief Judge, WELLFORD and NELSON, Circuit Judges.
 
 
 1
 Petitioner appeals the district court's order dismissing his pro se habeas corpus petition. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the brief and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner is a prisoner in the Federal Correctional Institution in Milan, Michigan. He filed this habeas corpus petition in the District Court for the Eastern District of Michigan under 28 U.S.C. Sec. 2241. Petitioner alleged that his conviction in the Eastern District of Virginia for transporting false or forged securities was invalid due to a fraudulent indictment. The district court dismissed the petition on the grounds that the petition should have been filed in the Eastern District of Virginia under 28 U.S.C. Sec. 2255. We affirm.
 
 
 3
 A challenge to the legality of a conviction and sentence must be brought under 28 U.S.C. Sec. 2255, not section 2241, and a section 2255 petition must be brought in the court that imposed the sentence. Thompson v. Smith, 719 F.2d 938 (8th Cir. 1983); Miller v. United States, 564 F.2d 103 (1st Cir. 1977), cert. denied, 435 U.S. 931 (1978). Claims attacking the execution of the sentence, however, must be brought under section 2241 in the district in which the petitioner is incarcerated. Wright v. United States Board of Parole, 557 F.2d 74 (6th Cir. 1977). A petition under section 2241 is not a substitute for a section 2255 petition. A section 2241 petition is appropriate only when the petitioner is attacking events occurring after sentencing or when a section 2255 petition is shown to be inadequate or ineffective. Cohen v. United States, 593 F.2d 766 (6th Cir. 1979).
 
 
 4
 Petitioner argues that he was illegally convicted because the indictment was fraudulent and his conduct did not fall within the definition of the offense. This claim clearly attacks the conviction and imposition of the sentence, not the execution of the sentence. Therefore, petitioner should have failed for relief under section 2255 in the Eastern District of Virginia. Petitioner argued in his 'brief' supporting his notice of appeal that the section 2255 remedy was ineffective because he had already filed petitions in the Eastern District of Virginia with no success. However, lack of success on an earlier petition does not show inadequacy or ineffectiveness of the section 2255 remedy. McGhee v. Hanberry, 604 F.2d 9 (5th Cir. 1979); see Johnson v. Petrovsky, 626 F.2d 72 (8th Cir. 1980). Petitioner has not shown that a section 2255 remedy is inadequate and therefore is precluded from seeking relief under section 2241.
 
 
 5
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).