James VAN PRAAG, Appellee,

v.

**COLUMBIA CLASSICS CORPORATION,**
Appellant.

No. 87–1470.

United States Court of Appeals,
Eighth Circuit.

Submitted April 11, 1988.

Decided June 20, 1988.

Rehearing and Rehearing En Banc
Denied July 28, 1988.

Byron E. Francis, St. Louis, Mo., for appellant.

Donald E. Heck, Clayton, Mo., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and HARRIS*, Senior District Judge.

HARRIS, Senior District Judge.

On October 28, 1986, a jury returned a verdict against appellant for $10,000.00, and the district court[1] trebeled that amount under the provisions of the Federal Odometer Statute.[2] This appeal comes from the court's denial of appellant's motion for judgment notwithstanding the verdict, and the court's award to appellee of attorney's fees totalling $12,000.00.

Sam Schwartz is the president and sole stockholder of Columbia Classics Corporation (hereinafter called "Columbia"), a New York corporation. Columbia is in the business of buying and selling special interest, antique, and vintage automobiles. In early 1981, Schwartz received information that a 1969 Mercedes Benz Model 600 automobile might be for sale. He contacted the owner of the car, Monica Petricek, and arranged to view the vehicle at her New Jersey home. The exterior of the car was in poor condition, but the interior was like new. The odometer showed approximately 8,200 miles.

On March 21, 1981, Schwartz had Petricek execute an odometer mileage statement and a bill of sale transferring the automobile to Columbia for $11,000.00. Schwartz drove the car to Columbia's shop on Long Island, where the spark plugs and fluids were changed, and the exterior of the car was painted.

In February 1982, Schwartz drove the car to Scottsdale, Arizona, in order to sell it at an auction. John Bacheldor, the owner of Kirkwood Classic Motorcars (Kirkwood), of St. Louis, purchased the vehicle for $29,000.00. Bacheldor towed the car on a trailer to St. Louis, where he showed it to appellee, Van Praag. Van Praag had been a buyer and seller of antique and special interest automobiles for many years, and he regularly attended car auctions throughout the United States. Van Praag purchased the 1969 Mercedes Benz and took possession on April 5, 1982. Bacheldor advised Van Praag that the mileage was approximately 11,500 miles.

Shortly after he took possession of the car, Van Praag began having problems with it, and he became suspicious of the mileage. After he made a number of repairs, Van Praag contacted Mercedes Benz of North America, Mercedes Benz of Manhatten, and Contemporary Motors of Little Silver, New Jersey. The records he obtained from these sources indicated that the car had been driven over 105,000 miles.[3]

Van Praag filed an action against Columbia and Kirkwood in the Circuit Court of

---

* The Honorable Oren Harris, United States Senior District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern and Western Districts of Missouri.

2. 15 U.S.C. §§ 1981 *et seq.*

3. There is no allegation that anyone had tampered with the odometer. The parties agree that a "rollover" had occurred, meaning that when the odometer reached 100,000 miles, the five-digit display read "00000."

St. Louis County, Missouri. On January 20, 1984, the circuit court dismissed the action for lack of personal jurisdiction over Columbia. On May 8, 1984, Van Praag filed a complaint setting forth the same causes of action in the United States District Court for the District of Arizona. Columbia filed a motion to dismiss based upon improper venue, and, by an order entered September 17, 1984, the Arizona court transferred the case to the Eastern District of Missouri. On June 20, 1986, Van Praag dismissed his action against Kirkwood, and his lawsuit against Columbia proceeded to trial some months later. Columbia now raises five points of error for us to consider on appeal.

■ I. WHETHER THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT FOR LACK OF PERSONAL JURISDICTION OVER APPELLANT. Columbia contends that the district court did not have jurisdiction over it under the Missouri long-arm statute,[4] because Columbia did not have sufficient minimum contacts in Missouri to invoke the jurisdiction of Missouri courts. Columbia states, for instance, that its only office is in Cedarhurst, New York, it has no employees or agents in Missouri, and it does not advertise in Missouri.

The inquiry we make to determine the existence of long-arm jurisdiction is a two-part one: first, whether the facts presented satisfy the statutory requirements, and, second, whether the exercise of personal jurisdiction is consistent with due process. *Mountaire Feeds, Inc. v. Agro Impex, S.A.,* 677 F.2d 651 (8th Cir.1982). The due process clause requires that the non-resident defendant have certain minimum contacts with the forum state such that main-

tenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The defendant's contacts with the forum state must be purposeful and such that the defendant should reasonably anticipate being haled into court there. *World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

The legislative objective behind Missouri's long-arm statute was to extend the jurisdiction of Missouri courts over non-resident defendant's to the extent permissible under the due process clause of the Fourteenth Amendment. *Institutional Food Marketing Assocs., Ltd. v. Golden State Strawberries,* 747 F.2d 448 (8th Cir.1984); *State ex rel. Deere & Co. v. Pinnell,* 454 S.W.2d 889 (Mo.1970). A particular purpose was to confer jurisdiction over non-residents who enter into various kinds of transactions with residents of Missouri. *State ex rel. Metal Service Center v. Gaertner,* 677 S.W.2d 325 (Mo.1984). In Missouri, the minimum contact may be met by a single act if the cause of action arises from that act. *Sanders v. United States,* 760 F.2d 869 (8th Cir.1985); *State ex rel. Caine v. Richardson,* 600 S.W.2d 82 (Mo. App.1980).

Turning to the facts before us, this case was dismissed by the St. Louis County Circuit Court based on Schwartz's affidavit that Columbia had no contact whatsoever with Missouri and that all the significant events surrounding the sale from Columbia to Kirkwood occurred in Arizona. When the case was re-filed in Arizona, Columbia moved to dismiss for lack of venue and personal jurisdiction, stating that all significant events surrounding the sale of the

---

**4.** Section 506.500, RSMo.1986, which provides, in part:

1. Any person or firm, whether or not a resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state;

(3) The commission of a tortious act within this state;

....

automobile occurred in St. Louis, Missouri. Columbia now asserts that all aspects of the sale occurred in New Jersey and Arizona, except for the payment, which was mailed from Missouri to Columbia in New York. As Judge Limbaugh aptly observed in his memorandum and order, "[Columbia] apparently drafts its supporting affidavits to accommodate the forum it is presently in."

The Court finds that the Missouri district court properly had personal jurisdiction over Columbia based on the affidavits Columbia presented to the Arizona court, asserting that all aspects of the sale occurred in Missouri. A litigant may, by conduct, waive objections to personal jurisdiction. *Floyd v. Kellogg Sales Co.,* 841 F.2d 226 (8th Cir.1988). Columbia has certainly waived any objections to personal jurisdiction in this case. Based on contentions made by Columbia in various courts, personal jurisdiction could be found in Arizona, New Jersey, and New York, as well as in Missouri. Columbia represented to the Arizona court that the transaction occurred in Missouri. Accordingly, Columbia could certainly have expected to be "haled" into a Missouri court. We think that there is no question but that the Missouri district court had personal jurisdiction over Columbia.

■ II. WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTIONS FOR DIRECTED VERDICT BECAUSE APPELLEE WAS NOT THE REAL PARTY IN INTEREST TO PROSECUTE THIS ACTION. Columbia contends that Van Praag is not the real party in interest in this action because the ownership of the car did not pass directly from Kirkwood to Van Praag. Kirkwood, rather, gave its bill of sale to Olive Locust Corporation, and the ownership of the car passed from Olive Locust to Van Praag and his wife on June 27, 1982. Columbia

argues that the real parties in interest are either Olive Locust or Van Praag and his wife, but not Van Praag alone.

The pertinent statute is 15 U.S.C. § 1989(a).[5] The purpose of the statute is to punish odometer tamperers by imposing civil penalties upon them and to reward purchasers who discover such tampering and bring it to the attention of the federal courts. *Delay v. Hearn Ford,* 373 F.Supp. 791 (D.S.C.1974). We have no difficulty in concluding that Van Praag was indeed a purchaser who could recover damages under the statute. The evidence adduced at trial showed that Olive Locust possessed only a security interest in the automobile, and, therefore, it was not a transferree under the regulations. *See* 49 C.F.R. § 580.3. Since Olive Locust was not a transferree, it stands to reason that Olive Locust was not a purchaser who could maintain a cause of action under the statute.

The Court is further of the opinion that Mrs. Van Praag is not a necessary party to this action. The record indicates that Mrs. Van Praag was not involved with the purchase and transfer of the vehicle, and she never saw the odometer statement. Her name was merely placed on the car title, apparently several months after Van Praag took possession of the automobile. We conclude that Van Praag is the real party in interest to prosecute this action under the statute.

III. WHETHER THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR DIRECTED VERDICT BECAUSE APPELLEE DID NOT BRING THIS CAUSE OF ACTION WITHIN THE STATUTE OF LIMITATIONS. Under 15 U.S.C. § 1989(b), an action to enforce liability created under § 1989(a) must be brought within two years from the date on which liability arises. Columbia raises this point on the erroneous basis that Van

---

**5.** 15 U.S.C. § 1989(a) provides:

(a) Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—

(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and

(2) in the case of any sucessful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

**1110**

Praag's complaint was not filed in Arizona until May 8, 1984. The copy of Van Praag's complaint that is contained in the record before this Court was clearly file-marked on March 12, 1984, by the clerk of the United States District Court for the District of Arizona. Columbia contends that Van Praag's cause of action accrued on or before April 15, 1982, because Van Praag testified that he became suspicious of the car's mileage within ten days of taking possession of it on April 5, 1982. Even if we assume Columbia's argument is correct, Van Praag's complaint was filed within the statutory period. Accordingly, this argument is without merit.

■ IV. WHETHER THE TRIAL COURT ERRED IN ALLOWING THE READING OF DEPOSITIONS WHICH HAD NOT BEEN SIGNED AND FOR WHICH THE REQUIRED AFFIDAVITS HAD NOT BEEN PROVIDED. The depositions at issue are those of Harry and Monica Petricek, who sold the automobile to Schwartz in 1981. Columbia objected to the reading of certain portions of the depositions because they were not signed in compliance with F.R.C.P. Rule 30(e). The depositions were taken by Brenda Levy, a court reporter from New York, on March 21, 1986. The Petriceks refused to sign the depositions. Levy submitted a notarized letter explaining that the policy of her office was to do nothing with depositions beyond preparing the transcript and sending them to counsel. Van Praag's counsel contacted the Petriceks but was unable to secure their signatures. Van Praag contends that strict compliance with Rule 30(e) was not possible, but that under the circumstances, Columbia was not prejudiced by the admission of the depositions. Columbia asks us to remand the case for a new trial.

Columbia cites *Bunch v. Bullard,* 795 F.2d 384 (5th Cir.1986), for the proposition that the depositions should not have been admitted. That case, however, is distinguishable from the present case. In *Bunch,* the deposition was taken two years before the trial and was not transcribed until the week before the trial. Opposing counsel did not receive a copy of the deposition until the morning the witness was called to testify at trial. The present situation is substantially different. The Petriceks' depositions were taken and transcribed some seven months before trial. Columbia's counsel received copies well in advance of trial, and Van Praag's counsel included the portions to be read in the pre-trial compliance order. Columbia was aware of the content of the depositions and of Van Praag's intention to use them at trial. Columbia does not question the authenticity of the depositions. Under the facts of this case, we fail to see how Columbia was prejudiced by the admission of the depositions, and we conclude that the trial judge did not err by allowing portions of them to be read at trial.

V. WHETHER THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTIONS FOR DIRECTED VERDICT BECAUSE APPELLEE FAILED TO MAKE A SUBMISSIBLE CASE UNDER THE FEDERAL ODOMETER STATUTE. Columbia contends that it should have been granted a directed verdict for two reasons: first, because Van Praag failed to prove Columbia gave a false odometer statement with "intent to defraud" as required by 15 U.S.C. § 1989(a); and second, the Court improperly instructed the jury concerning Van Praag's reliance on the odometer statement. Columbia asserts that there is no evidence by which the jury could have found that Columbia knowingly, recklessly, or with gross negligence gave a false odometer statement. We do not agree. Monica Petricek testified, in her deposition, that Schwartz presented to her a blank odometer statement for her signature, and that she and Schwartz never discussed mileage. Schwartz testified that he completed the statement with Mrs. Petricek.

■ It is well established that questions of credibility and the weight to be given to the evidence are matters for the jury. *Thieman v. Johnson,* 257 F.2d 129 (8th Cir.1958). If there is conflicting testimony on a material issue, the court may not grant a directed verdict because it believes one witness and does not believe

another. A conflict of this kind can only be resolved by the jury. C. Wright & A. Miller, *Federal Practice and Procedure,* § 2527 (1971). The circumstances surrounding the transfer of the odometer statement from Petricek to Schwartz are material issues for a determination of fraud on the part of Columbia. The testimony on this point was in direct conflict. The district court, therefore, properly denied Columbia's motion for directed verdict and submitted the case to the jury. The jury resolved the conflict in Van Praag's favor, and there was sufficient evidence for them to reach that result.

Columbia also argues that the district court erred by instructing the jury that, assuming Van Praag relied on the odometer statement given by Columbia, in doing so he exercised a degree of care reasonable in his situation. Columbia contends that, throughout the trial, Van Praag claimed to be an expert in classical cars, and that the reasonableness of his reliance on the odometer statement must be examined. Van Praag replies that Schwartz drove the car for nine months without incident, and that Columbia is now arguing that Van Praag and Bacheldor should have known right away of the excess mileage.

We hold that the instruction was proper. The jury heard all of the testimony and was able to determine the reasonableness of Van Praag's reliance on the odometer statement. The jury had sufficient evidence from which it could made this determination, and we will not disturb the jury's finding.

## CONCLUSION

We conclude that there is sufficient evidence in the record to affirm the district court on all points raised.

Affirmed.