**Ed BISHOP, Myrna Bishop, d/b/a Ed Bishop Auto Sales, Plaintiffs,**

v.

**MID–AMERICA AUTO AUCTION, INC., Bill Phillips and Jay Shrum d/b/a J & S Investments, Defendants.**

No. 89–2029–S.

United States District Court, D. Kansas.

Aug. 20, 1991.

Vivian B. Bliss, Legal Services for Students, University of Kansas, Lawrence, Kan., Bert S. Braud, Popham Law Firm, Kansas City, Mo., Bernard E. Brown, Law Office of Bernard E. Brown, Overland Park, Kan., for plaintiffs.

J.B. Craig, Moore, Graybill, Craig & Fuqua, John F. Reals, Houk & Reals, Ronald K. Badger, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant Mid–America Auto Auction, Inc.'s ("Mid–America") motion to dismiss or for summary judgment, and defendants Bill Phillips' and Jay Shrum's motions to dismiss or for partial summary judgment. Because matters outside the pleadings have been presented, the motions will be treated as motions for summary judgment. Fed.R.Civ.P. 12(c).

As an initial matter, Mid–America presents no grounds for summary judgment separate from those presented by Bill Phillips or from Jay Shrum, so all motions will be treated together. All defendants rely upon the arguments presented in Jay Shrum's memorandum of support of dismissal or partial summary judgment.

The defendants contend the plaintiffs have not adequately pled or proven Count IV of the First Amended Complaint, which alleges violations of 18 U.S.C. §§ 1961, 1962. The court finds this claim should be dismissed on the basis that the plaintiffs, at the pretrial conference, failed to submit sufficient factual contentions to support their claim. The defendants further claim the plaintiffs have not stated a claim for common law fraud upon which relief can be granted. This references Count II of the original complaint. Finally, the defendants contend Myrna Bishop is not a proper party to this action and seek summary judgment against her on all counts.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387,

1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

The court finds that the following facts necessary for adjudication of the motions are undisputed. In June 1987, Ed Bishop discovered that the odometer on a 1983 Oldsmobile he had purchased from Mid–America reflected substantially fewer miles than the actual mileage. The title history shows defendant Shrum purchased the car for Mid–America from Rainbow Used Cars. The title history also reflects Shrum had previously owned and sold the same 1983 Oldsmobile when the title indicated the true mileage. Shrum had no financial interest in the auction, which was owned by MAA Wholesale Investments, but rather bought and sold cars as Phillips' agent. Defendant Shrum knew he was buying cars on which some of the odometers had been altered.

Myrna Bishop is a co-signer on loans with Ed Bishop, her husband, for the business of Ed Bishop Auto Sales. The business is unincorporated, is not a partnership, but rather is a sole proprietorship run by Ed Bishop. The joint tax returns of the couple filed from 1984 to 1987 reflect Ed Bishop as the proprietor. The tax returns for the same years list all of the net profit for Ed Bishop Auto Sales as self-employment earnings for Ed Bishop.

Myrna Bishop has been involved in the business to varying degrees over the years. After Ed Bishop's heart attack in 1978, Myrna ran the business for two months. Her only involvement in the business at this point is keeping a ledger which indicates all bank deposits made by Ed Bishop Auto Sales. Myrna does this work at home for no salary.

Cars purchased by the business are put in the name of Ed Bishop Auto Sales, and Myrna never signs any of the title assignments when these cars are sold. The title of the car used by the business is in the name of Ed Bishop Auto Sales. Myrna had no knowledge of the purchase or sale of the 1983 Oldsmobile in question, and was not involved in any way in the attempted resolution of the odometer problems with that same car. Neither did Myrna do any

investigation of the title history of the 1983 Oldsmobile.

In short, Myrna's involvement with Ed Bishop Auto Sales is limited to that of a co-signer of the bank financing loans and keeping a ledger of bank deposits. Myrna, however, views herself as a partner in the business.

## REAL PARTY IN INTEREST

■ The court finds Myrna is not a proper party to maintain any of the causes of action brought by her and her husband jointly and severally, and summary judgment will be granted the defendants as to Myrna Bishop on all the remaining claims.

A real party in interest "is the one who, under applicable substantive law, has the legal right to bring the suit." *Boeing Airplane Company v. Perry*, 322 F.2d 589, 591 (10th Cir.1963), *cert. denied* 375 U.S. 984, 84 S.Ct. 516, 11 L.Ed.2d 472 (1964). Myrna Bishop, under any of the substantive law governing the remaining causes of action, is not the proper party to maintain the lawsuit. While her position as that of a co-signer confers interest in the outcome of the litigation, it does not entitle Myrna to maintain the action in her own name.

The warranty claims under the Kansas Uniform Commercial Code are based upon alleged representations made by the seller to the buyer. "Buyer" is defined as "a person who buys or contracts to buy goods." K.S.A. 84-2-103(1)(a). The court finds Myrna is not a buyer within the meaning of this article. The title of the vehicles purchased are in the name of Ed Bishop Auto Sales. Ed Bishop is the sole proprietor of the business, which is neither a corporation nor a partnership. Myrna is not involved in buying or selling automobiles for the business and did not participate in any fashion in the purchase of the 1983 Oldsmobile. Thus, Myrna may not maintain an action for breach of warranty.

■ Count I of the complaint alleges violations of the Federal Odometer Statute, specifically 15 U.S.C. §§ 1984, 1986, 1988. Recovery is predicated on 15 U.S.C. § 1989, which was designed to punish those guilty of odometer tampering by imposing a civil penalty. *Van Praag v. Columbia Classics Corp.*, 849 F.2d 1106, 1109 (8th Cir.1988). Only one who is a transferee under the regulations governing the act may maintain a cause of action under 15 U.S.C. § 1989. 849 F.2d at 1109. Transferee is defined as "any person to whom ownership of a motor vehicle is transferred, by purchase, gift, or any means other than by the creation of a security interest, and any person who, as agent, signs an odometer disclosure statement for the transferee." 49 C.F.R. § 580.3.

The 1983 Oldsmobile was not transferred to Myrna Bishop, but rather to Ed Bishop Auto Sales, of which Ed Bishop was the sole proprietor. The title was never in Myrna Bishop's name, she did not have any knowledge of the purchase, and she did not see an odometer statement in conjunction with the purchase. Therefore, the court finds Myrna Bishop was not a transferee within the meaning of the statute and cannot maintain a cause of action under 15 U.S.C. § 1989.

■ As for the cause of action for common law fraud, it is well settled Kansas law that "[o]ne who makes a fraudulent misrepresentation or concealment is subject to liability for pecuniary loss to the persons or class of persons whom he intends or has reason to expect to act or to refrain from action in reliance upon the misrepresentation or concealment." *K–B Trucking Co. v. Riss Intern. Corp.*, 763 F.2d 1148, 1154 (10th Cir.1985) (quoting *Griffith v. Byers Construction Co.*, 212 Kan. 65, 510 P.2d 198, 199 [1973]). If there were misrepresentations made, these were made to Ed Bishop as sole proprietor of Ed Bishop Auto Sales to induce him to buy the 1983 Oldsmobile. Because Myrna had no knowledge of the sale and is not a partner in the business, the court finds Myrna Bishop is not the real party in interest to maintain a cause of action for fraud in this case.

Accordingly, the court will grant summary judgment for the defendants against Myrna Bishop as to the above remaining causes of action. The court finds Ed Bishop is the real party in interest to maintain

the causes of action based upon the Federal Odometer Statute, common law fraud, and breach of warranty under the Kansas Uniform Commercial Code.

### COMMON LAW FRAUD

For their first argument on this issue the defendants first contend the plaintiff has not properly pled a cause of action for fraud. The court finds the plaintiff has properly alleged facts going to all of the elements of fraud and, therefore, the pleadings are not deficient.

■ To make an actionable case for fraud, the plaintiff must plead and prove there were misrepresentations of fact known by the defendant to be untrue, or made with reckless disregard for the truth. The plaintiff must have reasonably relied upon the misrepresentations to his or her detriment. See *Tetuan v. A.H. Robins Co.*, 241 Kan. 441, 738 P.2d 1210, 1230 (1987). In his pleadings the plaintiff alleges the elements necessary to state an actionable cause of action for fraud. He alleges the title assignment represented the mileage of the 1983 Oldsmobile to be 47,955 miles, which was incorrect. This was done by the defendants, according to the plaintiff, to induce him to purchase the car and was done either with knowledge of the inaccuracy or with reckless disregard for the truth. The plaintiff also states he relied upon the title assignment's accuracy in purchasing the car. The complaint also details the title history and alleges both Phillips and Shrum made misrepresentations with the intent such misrepresentations be relied upon. The plaintiff also states how he was injured by relying upon the alleged misrepresentations. The plaintiff has adequately stated his claim.

The defendants next contend they are entitled to summary judgment because the plaintiff has no evidence that the defendants knew the odometer statement was incorrect. "Where the facts are undisputed and only one reasonable conclusion can be reached, or where there is an entire failure of proof, the trial court may apply the principles of law to the facts and grant summary judgment." *Goff v. American Sav. Ass'n of Kansas*, 1 Kan.App.2d 75, 561 P.2d 897, 902 (1977).

■ The court finds the plaintiffs' evidentiary showing at this stage of the litigation is not so lacking as to warrant granting summary judgment for the defendants. While, as defendants contend, the general rule is that fraud must be proven by clear and convincing evidence, the plaintiff, in opposing the motion for summary judgment, need not present evidence rising to that level. *Credit Union of America v. Myers*, 234 Kan. 773, 676 P.2d 99, 106 (1984). The title histories to the 1983 Oldsmobile reflect that Shrum purchased the car once when the true mileage was documented and once with the altered mileage. There is evidence to suggest that Shrum, an agent for Phillips, knew that certain individuals sold cars with "rolled-back" odometers. It is for the factfinder to determine whether Phillips and/or Shrum had knowledge of the inaccuracy or misrepresented the true mileage on the title assignment to Bishop with reckless disregard for the truth. Accordingly, summary judgment on the cause of action for fraud will be denied.[1]

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion for summary judgment on all counts as to the plaintiff Myrna Bishop is granted. (Docs. 79, 85).

IT IS FURTHER ORDERED that defendants' motion for summary judgment on the cause of action for common law fraud is denied. (Docs. 79, 85).

---

1. The court notes that, pursuant to the pretrial order, the plaintiff may not rely upon any alleged conspiracy between Phillips and Shrum to prove its cause of action for fraud.