UNITED STATES of America, Appellee,

v.

Barbara DAUGHERTY, Appellant.

No. 91–1691.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1991.

Decided Oct. 29, 1991.

**970**

Ilene A. Goodman, St. Louis, Mo., for appellant.

Lynn C. Mattucci, Washington, D.C., for appellee.

Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

Appellant Barbara Daugherty appeals from her conviction in district court[1] on two counts of voter fraud, specifically, vote-buying, in violation of 42 U.S.C. § 1973i(c), and one count of making false statements to a grand jury, in violation of 18 U.S.C. § 1623. Appellant claims that the evidence at trial was unreliable and failed to establish her guilt beyond a reasonable doubt. We affirm.

### I.

In 1986, the FBI began an investigation into allegations that people in Pemiscot County, Missouri had been paid to vote by absentee ballot in the 1986 primary election. A grand jury was convened in 1989 to investigate these charges, and appellant was called to testify in March 1990. She denied any involvement in the alleged voter fraud.

Appellant was indicted on five counts of voter fraud, in violation of 42 U.S.C. § 1973i(c), and one count of making false statements to a grand jury, in violation of 18 U.S.C. § 1623. At the trial in November 1990, six women testified that appellant had driven them to the courthouse to vote absentee and had paid them for their vote. Appellant testified that she did not pay anyone to vote. She testified that she had driven one of these women, Marilyn Hudson, to the courthouse to vote because appellant's boyfriend and an acquaintance had asked her to do so. On rebuttal, both her boyfriend and the acquaintance denied asking her to drive Hudson to the courthouse to vote. The jury found her not guilty of voter fraud on counts I, II, and III, but guilty of voter fraud on counts IV and V and of making false statements to a grand jury on count VI.

### II.

#### A. Voter Fraud

Appellant claims that the evidence presented at trial is insufficient to convict her on counts IV and V because the testimony of the government's witnesses at trial was biased, self-interested, vague, and contradictory. Appellant is, in essence, asking us to review the credibility of the witnesses presented against her. The evidence against appellant consisted almost exclusively of testimony by six women, including Marilyn Hudson and Emma Mayberry, who claimed appellant had taken them to the courthouse and paid them to vote, and the testimony of appellant's boyfriend and acquaintance that they had not asked appellant to take Marilyn Hudson to the courthouse to vote. Thus, in order to reach a verdict, the jury had to weigh the credibility of the witnesses. Assessment of witness credibility is the responsibility of the jury. *United States v. Bailey*, 444 U.S. 394, 414–15, 100 S.Ct. 624, 637, 62 L.Ed.2d 575 (1980); *United States v. Williams*, 897 F.2d 1430, 1432 (8th Cir. 1990); *Van Praag v. Columbia Classics Corp.*, 849 F.2d 1106, 1110 (8th Cir.1988). We are especially unwilling to overturn a jury's verdict when it so manifestly depends on credibility assessments. *See United States v. Canales*, 744 F.2d 413, 422 (5th Cir.1984). In *Canales*, the Fifth Circuit upheld a jury verdict convicting the defendant of vote-buying where the only evidence was the partially inconsistent testimony of the voters involved and five witnesses had testified to the voters' poor reputation for truthfulness because the verdict was dependant on the jury's credibility assessments. *Id.* We cannot overturn the judgment of the jury just because they found some witnesses credible and not others.

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

In addition, we find the evidence, viewed in the light most favorable to the government, *see Williams*, 897 F.2d at 1432, is sufficient to sustain appellant's conviction. Both Marilyn Hudson and Emma Mayberry, to whom counts IV and V refer, testified clearly and consistently that appellant had taken them to the courthouse so they could vote absentee. Both women also testified that appellant paid them either three or five dollars for their vote, although they could not remember which was the correct amount. The jury could easily have believed that the apparent discrepancies and vagueness regarding ancillary details was due to the passage of almost four and one-half years between these events and the trial. There was no evidence introduced by appellant that either of these two witnesses had any reason to lie, or that they had anything to gain by their testimony against appellant. Thus, we hold that a reasonable trier of fact could conclude from the evidence presented that appellant was guilty of paying Marilyn Hudson and Emma Mayberry to vote in the 1986 primary election.

### B. Grand Jury Perjury

Appellant admits that her conviction on count VI for making false statements to a grand jury rests on her convictions for voter fraud. Because we find that there is sufficient evidence to support her convictions for voter fraud, we likewise uphold her conviction on this count.

### III.

We find that there is sufficient evidence to support appellant's convictions. We affirm the district court.