994 F.2d 844
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Steven R. WYCOFF, Appellant,
v.
Crispus C. NIX, Warden of Iowa State Penitentiary; John
Henry, Deputy Warden of Operations - Iowa State
Penitentiary; Steve Long, Zone Director of the Division of
Adult Institutions Missouri State Penitentiary; Bill
Armontrout, Assistant Zone Director/Zone II of the Division
of Adult Institutions Missouri State Penitentiary; James
Eberlee, Security Director of Missouri State Penitentiary;
Arthur Dearixson, Investigator of Missouri State
Penitentiary, Appellees.
 No. 92-3060.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 16, 1993.
Filed: May 27, 1993.
 
 Before McMILLIAN and BEAM, Circuit Judges, and SACHS,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Steven Wycoff appeals the district court's decision to dismiss his 42 U.S.C. § 1983 claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Wycoff attempts to sue Missouri prison officials in an Iowa district court on the grounds that they transferred him to an Iowa prison in retaliation for exercising his First Amendment rights. Wycoff also claims that Iowa prison officials denied him due process by wrongfully refusing to remove allegations of misconduct from his prison files.
 
 
 2
 The district court held that the Missouri prison officials did not have the requisite minimum contacts with the State of Iowa to permit an exercise of its jurisdiction over those defendants. The district court further concluded that Wycoff failed to state a claim for which relief could be granted against the Iowa prison officials. Accordingly, the district court dismissed Wycoff's allegations against all of the defendants. We affirm.
 
 
 3
 The Missouri prison officials decided to transfer Wycoff to an Iowa prison. This decision does not in itself constitute a violation of his constitutional rights. See Lyon v. Farrier, 727 F.2d 766, 768 (8th Cir. 1984) (per curiam). It is well established, however, that the government may not retaliate against an individual who chooses to exercise a constitutionally protected right. Craft v. Wipf, 836 F.2d 412, 419 (8th Cir. 1987). This is true even if the action taken by the government would otherwise have been permissible. Id. Wycoff may have a cause of action against the Missouri prison officials for allegedly transferring him to an Iowa prison in retaliation for his exercise of his rights under the First Amendment. However, the proper forum to consider Wycoff's retaliatory transfer claim is Missouri, the state in which the alleged wrongful act occurred. The Missouri prison officials lacked the requisite minimum contacts with the State of Iowa and therefore the district court correctly dismissed Wycoff's claims under Fed. R. Civ. P. 12(b)(1). See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-6 (1980); Sanders v. United States, 760 F.2d 869, 872 (8th Cir. 1985) (per curiam).
 
 
 4
 Wycoff contends that the Missouri information can affect his classification and status in Iowa. He does not allege that Iowa prison officials acted in any particular way in reliance on the allegedly false information in his prison file. In the absence of some such action, Wycoff has no claim for a deprivation of due process. A general allegation that a prison file contains incorrect information does not in itself constitute a due process violation and therefore does not state a claim for which relief can be granted under 42 U.S.C. § 1983. The district court correctly dismissed the claims against the Iowa prison officials under Fed. R. Civ. P. 12(b)(6).
 
 
 5
 Accordingly, we affirm.
 
 
 6
 A true copy.
 
 Attest:
 
 7
 CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 *
 *The HONORABLE HOWARD F. SACHS, Senior District Judge for the Western District of Missouri, sitting by designation