12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elic Lee GILLIAM, Plaintiff-Appellant,
v.
Bob GIVENS, Special Agent, Virginia State Police,
Defendant-Appellee.
Elic Lee GILLIAM, Plaintiff-Appellant,
v.
Larry RULEY, Defendant-Appellee.
Elic Lee GILLIAM, Plaintiff-Appellant,
v.
Willie DOCKERY, Defendant-Appellee.
Elic Lee GILLIAM, Plaintiff-Appellant,
v.
Rick SALYER, Defendant-Appellee.
Elic Lee GILLIAM, Plaintiff-Appellant,
v.
W.J. HOOVER, Defendant-Appellee.
Elic Lee GILLIAM, Plaintiff-Appellant,
v.
James E. BENTON, Defendant-Appellee.
Elic Lee GILLIAM, Plaintiff-Appellant,
v.
Richard RUSSELL, Defendant-Appellee.
 Nos. 93-35728 to 93-35731 and 93-35737 to 93-35739.
 United States Court of Appeals, Ninth Circuit.
 Nov. 22, 1993.*
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elic Lee Gilliam appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 civil rights complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d).[1] We have jurisdiction under 28 U.S.C. Sec. 1291. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we reverse.
 
 
 3
 Gilliam contends that the district court erred in finding that it lacked personal jurisdiction over defendants and dismissing this action as frivolous. We disagree. Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. Sec. 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact. Id. at 325.
 
 
 4
 Here, Gilliam failed to allege sufficient facts to support the Oregon district court exercising personal jurisdiction over Virginia defendants. Assuming the truth of Gilliam's allegations, it is unreasonable to force Virginia police defendants without any connection to Oregon to defend there against allegations of an illegal search and seizure which allegedly took place in Virginia. See Data Disc, Inc. v. Systems Technology Assoc., Inc., 557 F.2d 1280, 1287 (9th Cir.1977) (test for personal jurisdiction over nonresident defendant).
 
 
 5
 Because the district court properly found that it lacked personal jurisdiction over defendants, the district court did not abuse its discretion by dismissing this action as frivolous. See Neitzke, 490 U.S. at 324; accord Sanders v. United States, 760 F.2d 869, 871 (8th Cir.1985) (affirming dismissal under 28 U.S.C. Sec. 1915(d) for want of personal jurisdiction); Martin-Trigona v. Smith, 712 F.2d 1421, 1424 (D.C.Cir.1983) (same). However, because there is no indication in the record that the district court considered whether the interests of justice require the transfer of these actions to a district court with personal jurisdiction, see 28 U.S.C. Sec. 1631; Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir.1990), we reverse the district court's judgment in these actions and remand to the district court to consider in the first instance whether the interests of justice require transferring these actions to a district court with personal jurisdiction over the defendants.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Gilliam filed essentially the same complaint in each of the underlying actions and the district court's order is in all relevant respects identical in each case, and because they were not consolidated below, we will use the singular throughout this memorandum in referencing these actions