# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2956

_____

Charles K. Johnston, Jr.

*Plaintiff - Appellant*

v.

Lisa M. Wilkins, Hearing Judge, Arkansas Parole Board; Supervisor Mark Bernthal, Probation and Parole Office, Rogers, Arkansas; Sheriff Vic Regalado, Tulsa County, Oklahoma; Kinsey Rivers, Probation and Parole Agent, Rogers, Arkansas

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: December 29, 2017
Filed: January 8, 2018
[Unpublished]

_____

Before WOLLMAN, LOKEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Charles Johnston, Jr. appeals the district court's preservice dismissal of his action under 42 U.S.C. § 1983 for failure to state a claim and lack of personal jurisdiction. We review de novo the dismissals for failure to state a claim, *see Moore*

*v. Sims*, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam), and we conclude that dismissal was proper for the reasons stated in the district court's order.

We also agree that the district court lacked personal jurisdiction over defendant Sheriff Vic Regalado of Tulsa County, Oklahoma. The complaint did not allege that Regalado had any contacts with Arkansas that would subject him to the jurisdiction of the district court in the Western District of Arkansas. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Epps v. Stewart Information Servs. Corp.*, 327 F.3d 642, 647-48 (8th Cir. 2003); *Sanders v. United States*, 760 F.2d 869, 871 (8th Cir. 1985) (per curiam).

We conclude, however, that the district court should have considered whether the interest of justice required it to transfer the claim against Regalado to the Northern District of Oklahoma (where the conduct occurred) rather than dismiss it. *See* 28 U.S.C. § 1631. Because there is no indication that the district court considered whether transfer would be in the interest of justice, we remand this claim so the district court may do so. *See Weeks Const., Inc. v. Oglala Sioux Hous. Auth.*, 797 F.2d 668, 676 (8th Cir. 1986).

Accordingly, we affirm the dismissals for failure to state a claim, but remand the claim against defendant Regalado for the district court to consider whether the interest of justice requires it to transfer the claim to the Northern District of Oklahoma. Johnston's motions for appointment of counsel are denied.

_____