**WESTLAKE INVESTMENTS, L.L.C., Plaintiff,**

v.

**MLP MANAGEMENT L.L.C., et al., Defendants.**

**MLP Management L.L.C., et al., Third–Party Plaintiffs,**

v.

**All State Gutter, Inc., et al., Third–Party Defendants.**

**No. 4:09–cv–00095–JAJ–RAW.**

United States District Court, S.D. Iowa, Central Division.

Jan. 26, 2010.

John Richard Hearn, John R. Hearn Law Office, Stephen R. Eckley, Belin McCormick, P.C., Des Moines, IA, for Plaintiff.

Matthew D. Jacobson, Whitfield & Eddy PLC, Des Moines, IA, Richard G. Book, Huber Book Cortese Happe & Lanz PLC, West Des Moines, IA, for MLP Management L.L.C., et al.

William L. Dawe, Apryl M. Delange, Hopkins & Huebner PC, Janice M. Thomas, Amy R. Teas, Bradshaw Fowler Proctor & Fairgrave, Mark W. Thomas, Grefe & Sidney PLC, R. Todd Gaffney, Kevin J. Driscoll, Eric G. Hoch, Finley Alt Smith Scharnberg Craig Hilmes & Gaffney PC, John F. Fatino, Whitfield & Eddy PLC, Mark Allen Schultheis, Nyemaster Goode West Hansell & O'Brien PC, Andrew J. Bracken, Jason Michael Craig, Ahlers & Cooney PC, Laura Ostrander, Loree Anne Nelson, Gislason & Hunter LLP, Timothy W. Wegman, Scott J. Beattie, Peddicord Wharton Spencer Hook Barron & Wegman LLP, Des Moines, IA, Jeffrey Dean Stone, Stephen D. Marso, T. Ryan Lamb, Whitfield & Eddy, PLC, Thomas J. Levis, Brick Gentry Bowers Swartz & Levis Pc, West Des Moines, IA, Stephen G. Olson, II, Engles Ketcham Olson & Keith PC, Brian D. Nolan, Nolan Olson & Stryker, P.C., L.L.O., Omaha, NE, Craig A. Levien, Amanda Mestan Richards, Betty, Neuman & McMahon, P.L.C., Davenport, IA, Rene Charles Lapierre, Klass Stoik Mugan Villone Phillips Orzechowski Clausen, et al., Sioux City, IA, Robert J. Bartz, David M. Vonhartitzsch, Barber & Bartz, Tulsa, OK, for Third–Party Defendants.

## ORDER

JOHN A. JARVEY, District Judge.

This matter comes before the Court pursuant to Defendants MLP Multi-family Construction, L.L.C. ("MLP Multi-family"), MLP Group, L.L.C. ("MLP Group"), and MLP Land Development, L.L.C.'s ("MLP Land") (collectively "MLP Defendants") Motion to Dismiss for Lack of Personal Jurisdiction filed on April 10, 2009 [Dkt. No. 32]. William Breece ("Breece") also filed a similar motion on May 15, 2009. [Dkt. No. 53.] Plaintiff Westlake Investment, L.L.C. ("Westlake") filed a Resistance to MLP Defendants' Rule 12(b)(2) Motion to Dismiss Plaintiff's Claims on December 22, 2009 [Dkt. No. 145], and a Resistance to Breece's motion on December 22, 2009. [Dkt. No. 148.] Breece filed a Reply on January 4, 2010. [Dkt. No. 150.]

For the reasons described below, the Court DENIES in part and GRANTS in part MLP Defendants' motion [Dkt. No. 32] and GRANTS Breece's motion [Dkt. No. 53].

### I. PROCEDURAL BACKGROUND AND SUMMARY OF ARGUMENTS

The complaint arises out of the sale pursuant to a Purchase Agreement of a property known as Westlake Apartments. Westlake alleges that MLP Defendants failed to construct the Westlake Apartments to a "first class and of workmanlike quality" standard. [Dkt. No. 1–2 at 3.] Westlake asserts causes of action against MLP Defendants ranging from breach of contract and tortious interference to breach of the covenant of good faith and fair dealing. Westlake seeks joint and several judgments against MLP Defendants and Breece.

MLP Defendants and Breece assert that this Court lacks personal jurisdiction over them and this Court must dismiss Westlake's claims. [Dkt. No. 32 at 4.] MLP

Defendants are companies organized under the law of Missouri with their principal place of businesses in Missouri. [Dkt. No. 32 at 2.] John Porta and Stan McCurdy are the members of both MLP Multi-family and MLP Land, and they are both citizens of Missouri. MLP Group's members are Greg Springmeyer, Bryan Aston, Jim Brueggemann, and Michael Mannion, and they are all citizens of Missouri. William Breece is a citizen of Florida, and is the sole member of Crown Capitol Westlake, L.L.C. ("Crown Capitol"), a Missouri company. MLP Defendants and Breece assert that they were not parties to the Purchase Agreement; are not subsidiaries or parent companies of any parties involved in the sale of Westlake Apartments; were not involved in the sale; did not communicate with Westlake about the transaction or any other Iowa resident in furtherance of a business transaction; deny being physically present in Iowa for purposes of the transaction; did not enter into contracts in the State of Iowa; and generally, did not transact business in the State of Iowa. [Dkt. Nos. 32 & 53.] Accordingly, MLP Defendants and Breece claim that they did not engage in any activity that would grant this court jurisdiction over them under Iowa's long-arm statute, and that there are insufficient minimum contacts. Westlake resists the MLP Defendants' and Breece's Rule 12(b)(2) motions, asserting that the long-arm statute does apply and that there are sufficient minimum contacts for this Court to exercise personal jurisdiction over them. [Dkt. No. 145 & 148.]

### II. LEGAL STANDARDS FOR RULE 12(b)(2) AND PERSONAL JURISDICTION

In a motion to dismiss for lack of personal jurisdiction pursuant to FED. R.CIV.P. 12(b)(2), the complaint must, at a minimum, state sufficient facts to "support a reasonable inference" that the MLP De-

fendants and Breece "may be subjected to jurisdiction" in Iowa. *Steinbuch v. Cutler,* 518 F.3d 580, 585 (8th Cir.2008). Because the MLP Defendants and Breece deny there is personal jurisdiction, Westlake has the burden of proving the facts supporting personal jurisdiction. *Dever v. Hentzen Coatings, Inc.,* 380 F.3d 1070, 1072 (8th Cir.2004) (internal quotations omitted). Westlake need not prove personal jurisdiction by a preponderance of the evidence until a court holds an evidentiary hearing or until trial. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.,* 946 F.2d 1384, 1387 (8th Cir.1991). If the district court does not conduct a hearing, then it must consider the facts in the light most favorable to the non-moving party and resolve all conflicts in favor of that party. *Romak USA, Inc. v. Rich,* 384 F.3d 979, 983–84 (8th Cir.2004); *Stevens v. Redwing,* 146 F.3d 538, 543 (8th Cir.1998); *Digi–Tel Holdings v. Proteq Telecomm., Ltd.,* 89 F.3d 519, 522 (8th Cir.1996). Thus, Westlake may defeat the motion to dismiss for lack of personal jurisdiction by only making a prima facie showing of jurisdiction, and may do so by exhibits, affidavits, or other evidence. *Watlow Elec. Mfg. Co. v. Patch Rubber Co.,* 838 F.2d 999, 1000 (8th Cir. 1988); *Scullin Steel Co. v. Nat'l Ry. Utilization Corp.,* 676 F.2d 309, 311 (8th Cir. 1982). At the onset, the Court notes that Westlake failed to file a supporting brief pursuant to Local Rule 7(e)[1] in its Resistance to the MLP Defendants' Rule 12(b)(2) motion to dismiss.

■■ This Court may "assume jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." *Dakota Indus., Inc. v. Ever Best Ltd.,* 28 F.3d 910, 915 (8th Cir.1994); *Minnesota Mining and Manuf. Co. v. Nippon Carbide,* 63 F.3d 694, 696–97 (8th Cir.1995) ((1)to determine personal jurisdiction, the court must look to whether the long-arm statute "is satisfied; and (2) whether a court's exercise of jurisdiction" satisfies the Due Process Clause). Iowa has a very broad long-arm statute[2] and expands its "jurisdictional reach to the widest due process parameters" that the Constitution allows. *Hammond v. Fl. Asset Financing Corp.,* 695 N.W.2d 1, 5 (Iowa 2005) (discussing Iowa Rule of Civil Procedure 1.306). Accordingly, this Court's analysis need only resolve the issue of whether exercising personal jurisdiction over the nonresident MLP Defendants and Breece "is consistent with principles of due process." *Brown v. Kerkhoff,* 504 F.Supp.2d 464, 499–500 (S.D.Iowa 2007); *see Bell Paper Box, Inc. v. U.S. Kids, Inc.,* 22 F.3d 816, 818 (8th Cir.1994) (when a long-arm statute is broadly construed, "the inquiry collapses into the single question of whether exercise of personal jurisdiction comports with due process.").

1. Local Rule 7(e) states that,
   Each party resisting a motion must, within 14 days after the motion is served, file a brief containing a statement of the grounds for resisting the motion and *citations to the authorities* upon which the resisting party relies, . . . .
   (emphasis added).

2. Iowa's long-arm statute can be found in both Iowa Code § 617.3 and Iowa Rule of Civil Procedure 1.306. Section 617.3 provides for the service of "foreign corporations or nonresidents contracting or committing torts in Iowa," Iowa Code § 617.3 (2006), and Rule 1.306 provides for an "alternative method of service" applicable to "every corporation, individual, personal representative, partnership or association." Iowa R. Civ. P. 1.306. Rule 1.306 "unlike Iowa's older 'long-arm' statute, section 617.3, . . . expands Iowa's jurisdictional reach to the widest due process parameters of the federal constitution." *Larsen v. Scholl,* 296 N.W.2d 785, 788 (Iowa 1980).

■ The Due Process Clause mandates that there be certain "minimum contacts" between the forum state and nonresident defendant "before the court may exercise jurisdiction over the defendant." *Coen v. Coen,* 509 F.3d 900, 905 (8th Cir.2007) (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). The Eighth Circuit Court of Appeals has found that minimum contacts are present when:

> the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there, and when maintenance of the suit does not offend traditional notions of fair play and substantial justice. By defendant's reasonable anticipation, we mean there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law.

*Id.* at 905 (internal quotations omitted). Additionally, the court has stated that "random, fortuitous, or attenuated contacts" are insufficient to "hale" a defendant into the forum state, whereas it is sufficient "where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum State." *Stanton v. St. Jude Med., Inc.,* 340 F.3d 690, 693–94 (8th Cir. 2003) (citations omitted).

The court developed a five-part test for measuring minimum contacts with the forum state, including examining: (1) "the nature and quality of the contacts;" (2) the number of these contacts; (3) how the cause of action is related to the contacts; (4) the forum state's interest in "providing a forum for its residents;" and (5) party convenience. *Coen,* 509 F.3d at 905 (quoting *Bell Paper Box, Inc.,* 22 F.3d at 819); *see Johnson v. Woodcock,* 444 F.3d 953, 956 (8th Cir.2006); *Epps v. Stewart Info. Serv. Corp.,* 327 F.3d 642, 648 (8th Cir.

2003); *Porter v. Berall,* 293 F.3d 1073, 1075 (8th Cir.2002).

■ A court should emphasize the importance of the first three factors, and also distinguish specific jurisdiction from general jurisdiction because "[s]pecific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state ... while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant regardless of where the cause of action arose." *Johnson v. Am. Leather Specialties Corp.,* 565 F.Supp.2d 1015, 1022 (N.D.Iowa 2008) (quoting *Coen,* 509 F.3d at 905); *see Johnson,* 444 F.3d at 956 ("Specific jurisdiction can only be found if the controversy is related to or arises out of the defendant's contact with the forum state.") (internal quotations omitted). The defendant must "purposefully" direct his activities at residents of the forum state for specific jurisdiction. *Capital Promotions, L.L.C. v. Don King Prod., Inc.,* 756 N.W.2d 828, 833 (Iowa 2008). To meet the requirements of due process for general personal jurisdiction, there must be "a showing of continuous and systematic contacts between the defendant and the forum state, as opposed to the minimum contact standard required in specific jurisdiction cases." *Mason v. Mooney Aircraft Corp.,* 2003 WL 21244160, at *2 (W.D.Mo. May 8, 2003) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 412–13, 414 nn. 8 & 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

■ There is a further requirement that minimum contacts must be present "either at the time the cause of action arose, the time the suit was filed, or within a reasonable period of time immediately prior to the filing of the lawsuit." *Johnson,* 444 F.3d at 955–56 (internal quotations omitted). If it appears that a defen-

dant has minimum contacts with a forum state, then the court may consider the contacts "in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Other factors include: the burden it places on the defendant, whether the forum state has an interest in adjudication, the convenience for the plaintiff, efficient resolution of the controversy, and the "shared interest of the several States in furthering fundamental substantial social policies." *Id.* at 476–77, 105 S.Ct. 2174. Looking to the expanded factors can result in establishing personal jurisdiction upon a "lesser showing of minimum contacts than would otherwise be required." *Id.* at 477, 105 S.Ct. 2174.

### III. PERSONAL JURISDICTION ANALYSIS

■ Westlake does not specify whether the court has specific jurisdiction, general jurisdiction, or both over MLP Defendants and Breece. However, because Westlake does not allege "sustained and systematic" contact as per general jurisdiction, *Mason,* 2003 WL 21244160, at *2, the Court will review all five factors pursuant to specific jurisdiction minimum contacts analysis. *See Lakin v. Prudential Securities, Inc.,* 348 F.3d 704, 712 (8th Cir.2003). For purposes of personal jurisdiction, minimum contacts must be assessed as to each defendant. *Kinsella v. Belforte,* 373 F.Supp.2d 957, 966 n. 7 (S.D.Iowa 2005) (citing *Calder v. Jones,* 465 U.S. 783, 790, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)).

### A. Minimum Contacts

Westlake must assert facts sufficient to support a reasonable inference that each of the MLP Defendants and Breece are sub-ject to personal jurisdiction based on due process considerations of minimum contacts. *Steinbuch,* 518 F.3d at 585; *Coen,* 509 F.3d at 905.

The Court accordingly looks to the five-part test for measuring minimum contacts, as developed by the Eighth Circuit Court of Appeals, and considers the facts in the light most favorable to Westlake, as it is the non-movant. *Romak,* 384 F.3d at 983.

#### 1. The Nature and Quality of MLP Defendants' and Breece's Contacts with Iowa

■ The Court looks to the nature and quality of MLP Defendants and Breece's contacts with the forum jurisdiction, in order to determine whether personal jurisdiction is applicable. "As a general rule, the mere fact that a non-resident enters with a contract with a resident of the forum state is not sufficient to give the courts therein personal jurisdiction over the non-resident." *Int'l Adm'rs, Inc. v. Pettigrew,* 430 F.Supp.2d 890, 896 (S.D.Iowa 2006) (citing *Burger King Corp.,* 471 U.S. at 478, 105 S.Ct. 2174).

■ Specific jurisdiction can arise when non-residents "negotiate the terms of the contract that gives rise to the cause of action in the forum state." *Minn. Mining,* 63 F.3d at 698 (finding personal jurisdiction when the "defendant's activities in Minnesota were directed toward the consummation of the contract," and where that specific contract formed the basis of the plaintiff's lawsuit); *Int'l Adm'rs, Inc.,* 430 F.Supp.2d at 897 (citing *Nat'l Cathode Corp. v. Mexus Co.,* 855 F.Supp. 644, 647 (S.D.N.Y.1994) (single in-state meeting was sufficient to grant specific jurisdiction over non-resident defendant when the meeting was "essential to formation of the contract at the heart of the action.")). Contacts may also arise when agents act as a "primary participant in the enter-

prise" and purposefully promote the commercial activities that take place within the forum state. *Pure Fishing, Inc. v. Silver Star Co., Ltd.,* 202 F.Supp.2d 905, 916 (N.D.Iowa 2002) (quoting *Burger King Corp.,* 471 U.S. at 480 n. 22, 105 S.Ct. 2174).

█ Here, MLP Defendants developed the Westlake property in Iowa and intentionally engaged in contact with the owners of the property, CCC/MLP Westlake, L.L.C. and Westlake Apartments, L.L.C. Specifically, MLP Multi-family served as the General Contractor for the construction project, and according to a deposition from Stan McCurdy, also "coordinated the hiring of the architect, the engineer, the soil studies, environmental, and handled the loans." [Dkt. No. 145, Att. B, McCurdy Depo. 129:21–24.] Based on the affidavit of Ronald E. Nielsen, there is also evidence from payments or project disbursements that MLP Multi-family and MLP Land engaged in construction services for the Westlake apartment complex. [Dkt. No. 145, Att. C, Nielsen Aff. ¶¶ 2–4.] These are all facts tending to suggest that these defendants reached out knowingly into creating contractual obligations that extended into Iowa. *See Burger King Corp.,* 471 U.S. at 473, 105 S.Ct. 2174. They thus clearly and purposefully availed themselves of the privilege of conducting activities in Iowa and could expect to be "haled" into the forum state. *Id.*

█ Breece contends that he is not subject to personal jurisdiction in Iowa because he has no minimum contacts with the State of Iowa and only serves as a member of Crown Capitol. This entity, in turn, serves as a member of CCC/MLP Westlake, L.L.C., a signatory to the Pur-

chase Agreement. Whether it is proper to pierce a corporate veil is a separate question than applying a minimum contacts analysis, because liability does not substitute for personal jurisdiction. *Dakota Indus., Inc. v. Ever Best Ltd.,* 28 F.3d 910, 915 (8th Cir.1994). Breece argues that it is irrelevant to conduct a minimum contacts analysis on the basis that he is the sole member of Crown Capitol and the Court agrees.

█ The Court notes that the "corporate shield" or "fiduciary shield" doctrine nullifies any contacts that would otherwise confer jurisdiction on behalf of corporate agents. *Arkansas Rice Growers Coop. Assoc. v. Alchemy Indus., Inc.,* 797 F.2d 565, 574 (8th Cir.1986); *Int'l Adm'rs, Inc.,* 430 F.Supp.2d at 898–99. However, the Supreme Court has held that a state-created corporate identity does not imbue any additional due process protections to members or officers beyond the traditional minimum contacts inquiry. *Calder,* 465 U.S. at 790, 104 S.Ct. 1482; *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781 n. 3, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) (". . . we today reject the suggestion that employees that act in their official capacity are somehow shielded from suit in their individual capacity."). Any additional protection arising from the corporate form must be specifically derived from state law. Iowa courts do apply the fiduciary shield doctrine[3] and hold that "a nonresident corporate agent is not individually subject to the forum state's in personam jurisdiction if that individual's only contact with the forum is by virtue of his acts as a fiduciary of the corporation." *State ex*

---

3. IOWA CODE § 490A.602 states,

    A member of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except where either of the following applies:

1. The object is to enforce a member's right against or liability to the limited liability company.
2. As provided in subchapter X [derivative proceedings].

*rel. Miller v. Baxter Chrysler Plymouth, Inc.,* 456 N.W.2d 371, 377–78 (Iowa 1990) (citing *State ex rel. Miller v. Internal Energy Management Corp.,* 324 N.W.2d 707, 710–12 (Iowa 1982)). Even if a corporation causes injury in the forum state, "a person's mere association with [that] corporation ... is not sufficient in itself to permit the forum to exercise jurisdiction over the agent." *State ex rel. Miller v. ADMI, Inc., et. al.,* 571 N.W.2d 1, 3 (Iowa 1997) (quotations omitted). Personal jurisdiction can only successfully be asserted despite the corporate shield doctrine, if the employee's own activities would subject him to personal jurisdiction, such that the "agent is a primary participant[ ] in an alleged wrongdoing intentionally directed at [forum-state] resident[s], and jurisdiction over [him] is proper on that basis." *Calder,* 465 U.S. at 790, 104 S.Ct. 1482. To otherwise prevent a defendant from being haled into court or "immunize a defendant from jurisdiction ... would allow the corporate shield to be used as a sword", and Iowa courts specifically reject such an interpretation. *ADMI, Inc.,* 571 N.W.2d at 6.

▮ In this case, the Court must examine the facts to see if Breece had sufficient minimum contacts, such that his own activities would subject him to personal jurisdiction. *Calder,* 465 U.S. at 790, 104 S.Ct. 1482. Breece stated in his deposition that he was the sole stockholder and served as the president and treasurer of Crown Capitol Westlake, L.L.C. ("Crown Capitol"), as well as the sole director, president, and secretary. [Dkt. No. 148, Att. B, Depo. Breece at 10:13, 18–19; 13:2–5.] However, counsel for Westlake asserts, curiously, that Breece "had nothing to do with the management and construction of Westlake" and "Breece appears not to have been involved other than as an investor...." [Dkt. No. 148, Pl.'s Br. in Resistance at 7, 8.] The Court thus finds Breece's affidavit compelling when he states that he was not involved in the sale of the property, never physically present in Iowa, did not enter into contracts to transact business in Iowa, and did not communicate with Iowa residents. [Dkt. No. 53 ¶¶ 3, 4.] Although Breece may have been the sole member of Crown Capitol and likely conducted most if not all of the business of the company, there is insufficient evidence to suggest that there are sufficient minimum contacts with Iowa to support asserting personal jurisdiction over Breece.

▮ Accordingly, the Court finds that this first factor weighs in favor of the exercise of personal jurisdiction over MLP Multi-family and MLP Land. After looking through the record, the Court could not find a single instance where MLP Group is specifically mentioned in regards to minimum contacts with the forum state. Although conspiracy is alleged in the complaint, a nonresident's alleged participation in a conspiracy "cannot serve as an independent basis for the exercise of in personam jurisdiction over the nonresident Defendants" in a case that would "otherwise fail the 'minimum contacts' approach." *Brown,* 504 F.Supp.2d at 518. The Court cannot find personal jurisdiction over MLP Group. Furthermore, the Court cannot assert personal jurisdiction over Breece because there are insufficient minimum contacts to suggest that he had meaningful contacts with Iowa. Accordingly, the Court will not analyze the remaining factors in regards to MLP Group, L.L.C. and Breece because it would offend fair play and substantial justice to assert personal jurisdiction over them.

### 2. The Quantity of MLP Defendants' Contact with Iowa

▮ The Court next examines the quantity of contacts with the forum state. Physical presence is not a requirement of

personal jurisdiction because "it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted." *Burger King Corp.*, 471 U.S. at 476, 105 S.Ct. 2174. Even a single act can support jurisdiction, so long as it creates a substantial connection with the forum. *See generally Id.* at n. 18. When, as in this case, specific jurisdiction is being alleged, the quantity of contacts is not determinative and it is more important to consider the nature and quality of the contacts to the cause of action. *See Lakin v. Prudential Secs., Inc.*, 348 F.3d 704, 711 n. 10 (8th Cir.2003).

■ In this case, the involvement in overseeing and directing the construction of the Westlake property weigh in favor of exercising personal jurisdiction over MLP Multi-family and MLP Land.

### 3. The Relation of the Cause of Action to MLP Defendants' Contacts

■ The third factor distinguishes general jurisdiction from specific jurisdiction. *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir.1996). Again, general jurisdiction is based upon continuous and systematic contacts, such that any cause of action may be adjudicated. *Wessels, Arnold & Henderson v. Nat'l Medical Waste, Inc.*, 65 F.3d 1427, 1432 n. 4 (8th Cir.1995). Due process is sufficient for specific jurisdiction "if the defendant has purposely directed its activities at forum residents, and the litigation results from injuries arising out of, or relating to, those activities." *Id.; Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090–91 (8th Cir.2008).

■ Here, Westlake's complaint alleges that MLP Multi-family and MLP Land are in breach of contract, engaged in tortious interference, as well as fraud/willful and wanton misrepresentation. Westlake asserts that it purchased the property after the defendants breached the covenant of good faith and faith dealing during negotiating and performing of the contract. Moreover, Westlake alleges that the defendants also breached oral, implied and other covenants and promises that presumably took place in Iowa. Since Westlake's cause of action arises from these numerous causes of action, it seems clear the defendants' contacts with Westlake in Iowa give rise to a substantial basis of Westlake's claims. This factor, accordingly, weighs in favor of the exercise of personal jurisdiction.

### 4. The Interest of Iowa in Providing a Forum for Its Residents

■ Iowa generally has an interest in adjudicating Westlake's claims and providing a forum for its residents. *See Aylward v. Fleet Bank*, 122 F.3d 616, 618 (8th Cir.1997) (summarily concluding that this portion of the test weighed in favor of jurisdiction by assuming the forum state has an interest in providing a forum for its residents). This is a dispute over real property that sits in Iowa. Accordingly, the fourth factor weighs in favor of the exercise of specific personal jurisdiction over MLP Multi-family and MLP Land.

### 5. The Convenience of the Parties

■ Finally, the Court considers the convenience of the parties. Westlake is entitled as plaintiff to choose the forum in which it will litigate, but the "Court is mindful that litigation between citizens of different states will virtually always result in an inconvenience to one party or the other." *Int'l Adm'rs, Inc.*, 430 F.Supp.2d at 898. Although neither party has submitted facts or evidence regarding the location of witnesses or whether Iowa as the forum would present a hardship to the

parties, the Court notes that the property in dispute is located in Iowa, the plaintiff is in Iowa, and it is likely that some of the sub-contractors are located in Iowa. Conversely, MLP Multi-family and MLP Land are Missouri citizens, but the defendants have not asserted that it is inconvenient or difficult to travel to Iowa. Although this factor is not dispositive and is accorded less weight than others, *Dakota Indus., Inc. v. Dakota Sportswear, Inc.,* 946 F.2d 1384, 1390 (8th Cir.1991), the Court concludes that, overall, this factor weighs in favor of the Court's exercise of personal jurisdiction.

### 6. Conclusion

After having considered the relevant factors, the Court concludes, as a prima facie matter, that the exercise of specific personal jurisdiction in this action over MLP Multi-family and MLP Land comports with due process under the Iowa long-arm statute, and does not offend traditional notions of fair play and substantial justice. However, the Court finds that it lacks specific personal jurisdiction over MLP Group and Breece because even in the light most favorable to Westlake, MLP Group and Breece lack sufficient minimum contacts with Iowa such that the exercise of personal jurisdiction here would aggrieve traditional notions of fair play and substantial justice.

Upon the foregoing,

**IT IS ORDERED**

Defendants MLP Multi-family Construction, L.L.C., MLP Group, L.L.C., and MLP Land Development, L.L.C.'s Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. No. 32] is hereby GRANTED in part and DENIED in part. The Court orders MLP Group, L.L.C. dismissed without prejudice.

Defendant Breece's Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. No. 53] is hereby GRANTED. The Court orders Breece dismissed without prejudice.