# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3178

_____

H. Boone Porter, III, in his capacity as a   *
Co-Trustee under the Third Amendment  *
and Restatement of the H. Boone Porter  *
Fund dated 2/6/98 as amended, and     *
individually; Charlotte M. Porter, in her  *
capacity as a Co-Trustee under the Third*
Amendment and Restatement of the H.   *
Boone Porter Fund dated 2/6/98 as     *
amended, and individually; Michael T.   *   Appeal from the United States
Porter, in his capacity as Co-Trustee    *   District Court for the
under the Third Amendment and       *   Western District of Missouri.
Restatement of the H. Boone Porter    *
Fund dated 2/6/98, as amended, and   *
individually,                      *
                                *
         Appellants,        *
                                *
     v.                       *
                                *
Frank S. Berall; Mark H. Neikrie;    *
Suzanne Brown Walsh; Copp & Berall,  *
LLP, a Connecticut limited liability    *
partnership,                     *
                                *
         Appellees.        *

_____

Submitted: April 18, 2002

Filed: June 14, 2002

_____

Before WOLLMAN, BEAM, and LOKEN, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

H. Boone Porter, III (Boone Porter), and his siblings Charlotte M. Porter and Michael T. Porter (collectively, plaintiffs) appeal the district court's[1] grant of the defendants' motion to dismiss for lack of personal jurisdiction. We affirm.

**I.**

The plaintiffs are the children of the Reverend H. Boone Porter (Reverend Porter), who was the sole income beneficiary of a trust created by his father in 1960. They are co-trustees of certain trusts created in connection with the H. Boone Porter Fund, which was created by Reverend Porter. In addition, Boone Porter is a co-trustee of the 1960 trust. The Fund and the trusts are registered in Jackson County, Missouri. None of the plaintiffs are Missouri residents, but Boone Porter maintains his law practice in Missouri. Reverend Porter and Boone Porter hired the defendants, Franks S. Berall, Mark H. Neikrie, and Suzanne Brown Walsh of Copp & Berall, L.L.P., to advise them on Connecticut law in connection with the Fund and the trusts after Reverend Porter and his wife moved to Connecticut. The defendants are Connecticut attorneys and residents.

Although the defendants did not solicit the plaintiffs' business, there were numerous phone calls and letters exchanged between Connecticut and Missouri. As additional evidence of contacts between the defendants and the state of Missouri, the plaintiffs point to the defendants' use of an appointed agent to transact business in Missouri; the execution of documents in Missouri that required Boone Porter's

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

signature; and what the plaintiffs characterize as the solicitation of further business in Missouri from Boone Porter in connection with the trusts.

The plaintiffs alleged negligence, attorney malpractice, deceitful conduct, and breach of fiduciary duties by the defendants as a consequence of the defendants' failure to advise the plaintiffs of certain Connecticut tax consequences, resulting in costly corrections. The plaintiffs argue that jurisdiction is proper in Missouri because the injury from this negligence was felt in Missouri.

## II.

In reviewing a dismissal for lack of personal jurisdiction, "we examine de novo the question of whether the nonmoving party has established a prima facie case of personal jurisdiction." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991). In answering this question, we look first to see whether Missouri's long-arm statute confers jurisdiction over the defendants. Sales Serv., Inc. v. Daewoo Int'l (America) Corp., 719 F.2d 971, 972 (8th Cir. 1983). If so, we then determine whether the exercise of personal jurisdiction would violate the due process clause of the Constitution. Austad Co. v. Pennie & Edmonds, 823 F.2d 223, 225 (8th Cir. 1987). Because "[i]t is well settled . . . that the Missouri long-arm statute authorizes the exercise of jurisdiction over non-residents 'to the extent permissible under the due process clause,'" FDIC v. Malmo, 939 F.2d 535, 537 (8th Cir. 1991) (quoting Van Praag v. Columbia Classics Corp., 849 F.2d 1106, 1108 (8th Cir. 1988)), we turn immediately to the question whether the assertion of personal jurisdiction would violate the due process clause. Id.

"In order to constitutionally assert personal jurisdiction over a non-resident defendant, 'traditional notions of fair play and substantial justice' must not be offended." Austad, 823 F.2d at 226 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). A defendant must have warning that his activities may result in his

being haled into court in a particular jurisdiction and must invoke the benefits and protections of that jurisdiction by purposefully availing himself of the privilege of conducting those activities. Austad, 823 F.2d at 226. Supreme Court precedent requires that there be a "substantial connection" between the defendant and the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Determining whether this standard is met requires the analysis of five factors:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

Land-O-Nod Co. v. Bassett Furniture Indus., 708 F.2d 1338, 1340 (8th Cir. 1983). The last two factors are considered less important and are not determinative. Id. at 1340.

We conclude that the plaintiffs have not satisfied the first two factors notwithstanding the numerous phone calls and letters that were exchanged between the parties. Contact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause. See, e.g., T.J. Raney & Sons, Inc. v. Sec. Sav. & Loan Assoc., 749 F.2d 523, 525 (8th Cir. 1984). The additional evidence pointed to by the plaintiffs, described above, is insufficient to justify the exercise of personal jurisdiction. Those additional contacts do not distinguish this case from those cases in which the contacts were held insufficient to support an extension of personal jurisdiction.

In Austad, we held that a New York law firm did not have sufficient contacts with South Dakota to confer personal jurisdiction in connection with its representation of a South Dakota business in litigation in Maryland. Austad, 823 F.2d at 226. We found it significant that the defendants in Austad did not maintain an office in South Dakota, did not advertise or solicit business in South Dakota, and

did not actively seek out Austad as a client. Id. In Malmo, we held that a Tennessee attorney did not have sufficient minimum contacts with Missouri when his only contact with the forum was an initial letter of solicitation. Malmo, 939 F.2d at 537. Other circuits have come to similar conclusions. See Sawtelle v. Farrell, 70 F.3d 1381 (1st Cir. 1995) (contacts insufficient to allow exercise of personal jurisdiction in New Hampshire when New Hampshire resident retained Virginia law firm to bring wrongful death action in Florida); Sher v. Johnson, 911 F.2d 1357 (9th Cir. 1990) (personal jurisdiction was proper because the law firm's compensation was secured by a deed of trust encumbering the plaintiff's home, but stated no personal jurisdiction if a client brought a malpractice action over a Florida law firm in connection with representation in Florida and only the normal incidents of representation were present); Mayes v. Leipziger, 674 F.2d 178 (2d Cir. 1982) (no personal jurisdiction in New York over a California law firm representing a New York resident in California litigation); Kowalski v. Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7 (1st Cir. 1986) (no personal jurisdiction in New Hampshire over a Massachusetts law firm representing a New Hampshire client in legal matters in Massachusetts). But see Trinity Indus., Inc. v. Myers & Assocs., 41 F.3d 229, 231 (5th Cir. 1995) (personal jurisdiction proper in Texas over an Illinois law firm; representation of the Texas client in more than forty matters, including a court appearance in Texas, indicated purposeful availment of the privileges of doing business in Texas); Keefe v. Kirschenbaum & Kirschenbaum PC, 40 P.3d 1267 (Colo. 2002) (en banc) (personal jurisdiction proper in Colorado over a New York law firm because lawyer "consciously entered into the agreement, with foreseeable consequences" to represent resident of Colorado).

The plaintiffs also cannot establish a "substantial connection" between the defendants and the forum state based on the final three factors in the analysis. The alleged negligence of the defendants in failing to inform the plaintiffs of the change in Connecticut law is not sufficiently related to an effect in Missouri to constitute a relationship between the cause of action and the contacts. The district court found

that "the claims about silence and failure to correct appear to be Connecticut-based." Porter v. Berall, 142 F. Supp. 2d 1145, 1148 (W.D. Mo. 2001). This approach has also been adopted by the First Circuit, which "rejected the plaintiff's contention that, because the 'effects' of the firm's negligence were felt in [the plaintiff's home state], the law firm had caused an injury there by conduct directed at that forum." Sawtelle, 70 F.3d at 1390 (citing Kowalski, 787 F.2d at 11). The final two factors do not help the plaintiffs, since none of the parties are Missouri residents.

The defendants were not licensed in Missouri, they did not maintain offices in Missouri, and they did not solicit business in Missouri. They provided advice on Connecticut law from their offices in Connecticut. Their actions do not show that they could have foreseen being haled into court in Missouri based on their actions in Connecticut. Accordingly, the district court did not err in dismissing this case for lack of personal jurisdiction.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-