# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2192

_____

| | | |
|---|---|---|
| Mary E. Bonner Johnson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Richard W. Woodcock, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: April 7, 2006
Filed: April 11, 2006

_____

Before WOLLMAN, LAY, and MELLOY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Mary E. Bonner Johnson appeals the district court's[1] grant of Richard W. Woodcock's motion to dismiss for lack of personal jurisdiction. We affirm.[2]

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

[2]Because we hold that the district court lacked personal jurisdiction, we do not reach the merits of Johnson's Lanham Act claim. We are not empowered to issue opinions on moot questions or to declare rules of law that do not affect the case before us. Republican Party of Minnesota v. Klobuchar, 381 F.3d 785, 790 (8th Cir. 2004). In addition, we affirm the district court's dismissal even though the court was

## I.

Johnson and Woodcock began working together in 1968. Johnson first served as Woodcock's secretary at American Guidance Services, a Minnesota company where Woodcock was involved in the development of psychological and cognitive ability tests. This relationship flourished for a time, and when Woodcock left American Guidance Services in 1972 to form Measurement Learning Consultants (MLC), Johnson joined him at the new firm as the assistant director. While working together at MLC, Woodcock developed a series of psychological tests, the most significant of which is the Woodcock-Johnson Psychoeducational Battery (Battery). The level of Johnson's involvement is disputed, but Johnson alleges that she was the co-author of the Battery and was significantly involved in the substantive development of the tests.

When Teaching Resources Corporation (Teaching Resources) published the Battery in 1976, Woodcock and Johnson entered into a contract that allocated ninety percent of the royalties to Woodcock and the remaining ten percent to Johnson. In 1977, Woodcock moved MLC's operations to Oregon. Johnson remained in Minnesota, but she and Woodcock continued to have a business relationship throughout the 1980s, working together on revisions to the Battery. In February 1986, they entered into a publishing contract for the revised edition of the Woodcock-Johnson Battery.

---

empowered by 28 U.S.C. § 1631 to transfer the action to another court to cure the lack of jurisdiction. Johnson did not request such a transfer either in the district court or in the briefs or during oral argument before this court and now raises the issue belatedly by way of a petition for rehearing. Accordingly, we deem any request for a transfer to have been waived. See, e.g., Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (failure to raise issue in opening brief on appeal generally constitutes waiver).

After Woodcock moved his residence from Minnesota in 1977, he resided in several other states, including Oregon, California, and Tennessee. Except for a short period in the early 1980s, he has not had a Minnesota residence since 1977 and has had limited contact with that state. Woodcock continued to have a working relationship with Johnson until 1989, and they have occasionally corresponded and conversed over the years. Woodcock has also published two books through American Guidance Services, a Minnesota company.

In 1997, Woodcock and three new co-authors, including Kevin McGrew, a Minnesota resident, entered into a contract with Riverside Publishing Company to publish a third revision to the Battery. The third revision was published in 2001. Although she was not a party to the 1997 contract, Johnson claimed a right to royalty payments thereunder. She filed this action against Woodcock in the District of Minnesota, alleging violations of the Lanham Act and the Minnesota Deceptive Trade Practices Act, as well as intentional interference with business relations, misrepresentation, breach of contract, and promissory estoppel. The district court dismissed the suit for lack of personal jurisdiction over Woodcock.

## II.

We review *de novo* a dismissal for lack of personal jurisdiction. Porter v. Berall, 293 F.3d 1073, 1075 (8th Cir. 2002). The party asserting personal jurisdiction has the burden of establishing a prima facie case. Epps v. Stewart Information Service Corp., 327 F.3d 642, 647 (8th Cir. 2003). Because Minnesota's long-arm statute is coextensive with constitutional limits, we need only determine whether the assertion of jurisdiction over this defendant offends due process. Minnesota Mining & Mfg. v. Nippon Carbide Indus., 63 F.3d 694, 696-97 (8th Cir. 1995).

Personal jurisdiction exists only if the contacts between the defendant and the forum state are sufficient to establish that the defendant has purposefully availed

himself of the benefits and protections of the forum state.  Porter, 293 F.3d at 1075. This purposeful availment must be sufficient to provide the defendant with fair warning that his activities might result in his being haled into court in that jurisdiction. Id.  "Minimum contacts must exist either at the time the cause of action arose, the time the suit was filed, or within a reasonable period of time immediately prior to the filing of the lawsuit."  Pecoraro v. Sky Ranch For Boys, Inc., 340 F.3d 558, 562 (8th Cir. 2003).

The nonmoving party also must establish that a "substantial connection" exists between the defendant and the forum state.  Porter, 293 F.3d at 1075 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).  We consider five factors in determining whether a substantial connection exists: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to those contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.  Id. at 1076.  The last two factors carry less weight and are not dispositive.  Id.

In Helicopteros Nacionales de Colombia, S.A. v. Hall, the Supreme Court articulated two theories for finding personal jurisdiction: specific jurisdiction and general jurisdiction.  See 466 U.S. 408, 414-15 (1984).  Specific jurisdiction can only be found if the controversy is "related to or 'arises out of'" the defendant's contacts with the forum state.  Id. at 414.  General jurisdiction exists where the contacts between the defendant and the forum state are "continuous and systematic" even if there is no relationship between the contacts and the cause of action.  Id. at 415.

Regarding specific jurisdiction, Johnson makes only a conclusory assertion that the causes of action are related to the relationship that Woodcock established and maintained with Minnesota and Johnson.  The burden to establish a prima facie case of personal jurisdiction is on the party asserting jurisdiction, and Johnson does not meet that burden.  The only relevant contacts that are related to or give rise to the

controversy here are the contacts between Woodcock and Johnson. Those contacts are too random, fortuitous, or attenuated to support an assertion of jurisdiction in this case. The contacts asserted in the 1960s, 70s, and 80s are not within the reasonable timeframe required by Pecararo. 340 F.3d at 562. The occasional correspondences between Johnson and Woodcock similarly do not support jurisdiction. "Contact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause." Porter, 293 F.3d at 1076. The only other asserted contacts are those between Woodcock and McGrew and those between Woodcock and a publishing company in Minnesota. Johnson has made no attempt to explain how any of those contacts are related to the causes of action here. Johnson's conclusory allegations do not satisfy her burden to establish a prima facie case of specific jurisdiction.

Johnson's primary argument is that general jurisdiction exists over Woodcock in Minnesota. The contacts Johnson articulates, however, fall short of the "continuous and systematic general business contacts" required to find general jurisdiction. See Helicopteros, 466 U.S. at 416. The correspondence between Woodcock and Johnson does not support general jurisdiction. See Porter, 293 F.3d at 1076. The other business contacts between Woodcock and Minnesota that fall within the relevant time frame, involving some collaboration with a Minnesota resident on one project and a publishing relationship with a Minnesota company, are also insufficient to warrant general jurisdiction. Cf. Helicopteros, 466 U.S. at 418 ("[W]e hold that mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of *in personam* jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions.").

Johnson argues that the magistrate judge found general jurisdiction over some claims and that because Woodcock did not challenge this finding, the issue was waived. Woodcock did challenge this finding in the district court, however, so the issue was preserved. Johnson further argues that the district court abused its discretion in denying her motion to supplement the record. The district court

adequately justified this decision based on its interest in encouraging parties to present all evidence to the magistrate judge in a clear and timely fashion. Moreover, Johnson has not shown how the requested expansion of the record would create evidence of sufficient contacts to affect the outcome of this issue. Accordingly, the district court did not abuse its discretion in refusing to accept evidence that was not presented to the magistrate judge.

The order of dismissal is affirmed.

_____