# United States Court of Appeals

## For the Eighth Circuit

_____

Nos. 21-3554+

_____

Theresa Hursh

*Plaintiff - Appellee*

v.

DST Systems, Inc.

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: June 14, 2022
Filed: November 28, 2022

_____

Before LOKEN, ARNOLD, and KELLY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Plaintiffs in these 177 consolidated appeals[1] were participants in a 401(k) Profit Sharing Plan (the "Plan") provided to employees by DST Systems, Inc. ("DST"), a financial and healthcare services company based in Kansas City, Missouri. See 29

_____

[1]Appendix A to this opinion lists the 176 separate appeals that have been consolidated with this appeal.

U.S.C. § 1322. At the time in question, DST was the Plan's sponsor, administrator, and a designated fiduciary. Ruane Cunniff & Goldfarb Inc. ("Ruane") was a Plan fiduciary involved in managing the Plan's investments. When a stock in which the Plan was heavily invested dropped from $258 per share in 2015 to $15 per share in 2016, the Plan suffered nearly $400M in losses. Substantial litigation ensued, including class action lawsuits in the Western District of Missouri and the Southern District of New York alleging breaches of fiduciary duty by DST and by Ruane in managing the defined-contribution Plan. See 29 U.S.C. §§ 1132(a)(2), 1322.

At DST's urging, the Missouri actions resulted in more than 554 individual arbitration proceedings between participants and defendants under DST's employee Arbitration Agreement.[2] Meanwhile, in August 2021, the Southern District of New York certified a Rule 23(b)(1) mandatory class that includes the Missouri arbitration claimants in a parallel action filed in that court by other Plan participants alleging DST and Ruane breached fiduciary duties to the Plan. Ferguson v. Ruane Cuniff & Goldfarb Inc., 2021 WL 3667979, at *1 (S.D.N.Y Aug. 17, 2021). DST supported the motion for class certification in Ferguson and ceased participating in Missouri arbitration proceedings when the class was certified.[3] The many claimants who received awards from the arbitration panel began filing individual actions to confirm

---

[2]As of April 2022, 342 claims had been tried; the arbitration panel ruled in favor of 214 claimants, and 61 claimants were awaiting panel decisions.

[3]In March 2021, in another action by Plan participants in the Southern District of New York claiming breach of fiduciary duty, the Second Circuit reversed a decision compelling arbitration under the DST Arbitration Agreement, ruling that the Agreement covered employment-related disputes, not Plan-related disputes. Cooper v. Ruane Cunniff & Goldfarb Inc., 990 F.3d 173, 183-84 (2d Cir. 2021). In an earlier decision not at issue on this appeal, the district court held, to the contrary, that breach of fiduciary claims are within the scope of the Arbitration Agreement. Ducharme v. Defendants Sys., Inc., No. 4:17-cv-00022, 2017 WL 7795123 (W.D. Mo. June 23, 2017).

their awards under Section 9 of the Federal Arbitration Act (FAA) in the Western District of Missouri. See 9 U.S.C. § 9. On November 18, 2021, the plaintiffs in Ferguson obtained a preliminary injunction, enjoining all members of the Rule 23(b)(1) class from "instituting new actions or litigating in arbitration or other proceedings against the DST Defendants matters arising out of or relating to the facts or transactions alleged in the Ferguson amended complaint."

Between October and December 2021, the district court issued seven largely identical orders confirming the arbitration awards to 177 claimants and granting their requests for substantial costs and attorneys' fees. Defendants appealed, raising numerous issues. We consolidated the 177 appeals for briefing and argument. On March 31, 2022, with briefing not yet completed, the Supreme Court issued its decision in Badgerow v. Walters, 596 U.S. ---, 142 S. Ct. 1310 (2022), dramatically limiting federal jurisdiction to confirm or vacate arbitration awards under Sections 9-10 of the FAA. We vacate each of the district court's confirmation orders and remand for further consideration of the court's subject matter jurisdiction as defined in Badgerow.

## I. Jurisdiction Issues.

The FAA "bestow[s] no federal jurisdiction." Hall St. Associates, L.L.C. v. Mattel, Inc. 552 U.S. 576, 581 (2008). However, before Badgerow, most circuit courts held that district courts have subject matter jurisdiction over applications to confirm or to vacate arbitration awards under Sections 9 and 10 of the FAA under the "look-through" principle the Supreme Court applied to Section 4 applications to compel arbitration in Vaden v. Discover Bank, 556 U.S. 49 (2009). The Supreme Court held otherwise in Badgerow. Unlike Section 4, the Court explained, the text of Sections 9 and 10 provides no "statutory basis for look-through jurisdiction," and "federal district courts may not exercise jurisdiction absent a statutory basis." 142 S. Ct. at 1318 (quotation omitted). An applicant seeking federal court confirmation of

an arbitration award must establish an "independent jurisdictional basis [on] the face of the application itself." Id. at 1316. "If she cannot, the action belongs in state court." Id. Therefore, if the parties to a Section 9 action are not diverse, and if "the application concerns the contractual rights provided in the arbitration agreement, generally governed by state law," the district court lacks subject matter jurisdiction, even if the claims underlying the award "originated in the arbitration of a federal-law dispute." Id. at 1321.

We turn, therefore, to the face of Plaintiffs' Section 9 applications. Paragraph 3 of lead plaintiff Theresa Hursh's Motion To Confirm Arbitration Award alleges: "Jurisdiction is proper pursuant to 9 U.S.C. § 9 and 28 U.S.C. § 1332(a)(2)." The district court's pre-Badgerow confirmation order, after noting the Western District of Missouri had already confirmed at least five DST arbitration awards, simply stated, "DST does not -- and cannot reasonably -- suggest that this Court lacks jurisdiction over the parties before it." The court did not state whether it was exercising federal question or diversity subject matter jurisdiction.

The Plaintiffs' assertion of jurisdiction "pursuant to 9 U.S.C. § 9," though not further explained, was obviously the assertion of federal question jurisdiction under the "look-through" principle rejected in Badgerow. That does not foreclose this issue, because Badgerow recognized that a Section 9 application may show an "independent basis" of federal question jurisdiction under 28 U.S.C. § 1331 "if it alleges that federal law (beyond Section 9 or 10 itself) entitles the applicant to relief." 142 S. Ct. at 1316. Thus, on appeal, faced with new jurisdictional uncertainty, Plaintiffs sing a new tune, arguing that the district court had federal question jurisdiction because their Section 9 motions to confirm and DST's motions to vacate "implicate[d] significant federal issues," a basis for federal question jurisdiction recognized in Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing., 545 U.S. 308, 312 (2005). The significant federal issue alleged is "dispute resolution relating to an ERISA Plan."

We disagree. First, this independent basis for federal jurisdiction was not pleaded in the motions to confirm, and the Supreme Court expressly directed us in Badgerow that, lacking a statutory basis for look-through jurisdiction in Sections 9 and 10, "a court may look only to the application actually submitted to it in assessing its jurisdiction." 142 S. Ct. at 1314. Moreover, under Grable, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." 545 U.S. at 314. ERISA preempts state laws that "relate to any employee benefit plan." 29 U.S.C. § 1144(a). Rejecting "uncritical literalism" in applying this statute, the Supreme Court has limited ERISA preemption to a state law that "acts immediately and exclusively upon ERISA plans," or that "has an impermissible 'connection with' ERISA plans." Gobeille v. Liberty Mut. Ins. Co., 136 S. Ct. 936, 943 (2016).

Here, Plaintiffs, sought relief under the DST Arbitration Agreement, a part of their employment contracts that specifically excludes claims for "ERISA-related benefits" under a DST-sponsored plan. This is not state contract law that "relates" to DST's ERISA Plan as the Supreme Court has applied that statutory term. "Neither the administrative nor the remedial purposes of ERISA preemption apply to the resolution of contractual disputes between an employer and a single, salaried employee." Dakota, Minn. & E.R.R. v. Schieffer, 648 F.3d 935, 938 (8th Cir. 2011). Although the arbitration awards at issue were based upon breach of DST's fiduciary duties under ERISA, without a look-through to this underlying ERISA controversy that is foreclosed by Badgerow, Plaintiffs' Section 9 applications only concern "the contractual rights provided in the arbitration agreement, generally governed by state law." Badgerow, 142 S. Ct. at 1321. If that were enough to establish an "independent basis" for federal question jurisdiction, this Grable exception would swallow the Badgerow rule. Though Grable was not cited in either Badgerow opinion, Justice Breyer in dissent noted the breadth of the majority's ruling:

Where the parties' underlying dispute involves a federal question (but the parties are not diverse), the majority holds that a party can ask a federal court to order arbitration under Section 4, but it cannot ask that same court to confirm, vacate, or modify the order resulting from that arbitration under Section 9, 10, or 11.

Id. at 1325 (Breyer, J., dissenting).

With federal question jurisdiction foreclosed by Badgerow, the question becomes whether the district court had subject matter jurisdiction to issue the Section 9 confirmation orders under the congressional grant of diversity jurisdiction in 28 U.S.C. § 1332(a)(1). Though the motions to confirm pleaded diversity as a basis of jurisdiction (the citation to § 1332(a)(2) was almost certainly a mistake), they did not, as one would expect, carefully plead the facts necessary to meet the § 1332(a) requirements -- that the parties are "citizens of different States" and the amount in controversy exceeds $75,000. On appeal, DST argues the district court lacked subject-matter diversity jurisdiction over at least 84 of the 177 orders because, according to the motions to confirm, 53 claimants are Missouri residents and therefore not diverse, and 31 others lack the requisite amounts in controversy. Additionally, DST argues, many of the remaining 93 actions appear to lack diversity jurisdiction based on public records, address information produced by counsel, or arbitration pleadings contradicting allegations that they reside in Kansas. The Statement of Jurisdiction in the Plaintiffs' consolidated brief argues only that the district court had diversity jurisdiction over "certain of the Appellees' applications." The district court did not address these issues in its pre-Badgerow orders. Subject matter jurisdiction may not be created or conferred by the parties, and "[o]bjections to subject-matter jurisdiction . . . may be raised at any time." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011).

We conclude the district court lacks federal question subject matter jurisdiction under the FAA or 28 U.S.C. § 1331 and, in light of these factual uncertainties, we

remand the consolidated cases for a determination of whether the court has subject matter diversity jurisdiction under 28 U.S.C. § 1332(a) in each case.

## II. The Other Issues on Appeal

Our decision to remand for a determination of whether the district court lacked subject matter jurisdiction to confirm or vacate the arbitration awards raises the question, largely ignored by the parties' briefs and oral argument, whether we can and if so should reach the other issues on which they primarily focused the consolidated appeals. Even after Badgerow, counsel pressed us to decide between their conflicting views, as though jurisdiction is just another issue. They should know better.

Most of these issues we cannot and will not address until the district court's subject matter diversity jurisdiction is established on a case-by-case basis. Defendants insist that the Southern District of New York's mandatory class certification and preliminary injunction in Ferguson precluded the district court from confirming arbitration awards. The proposition is supported by less-than-conclusive authorities. In any event, it is not an issue we can or should address before jurisdiction has been established. Among other reasons, the answer may depend on how many of the 177 awards the district court has subject matter jurisdiction to confirm. Likewise, Plaintiffs insist that we can and should affirm based on the district court's alternative judicial estoppel ruling. But they simply assume, without even acknowledging the issue, that a party's judicial estoppel can create subject matter jurisdiction that is otherwise lacking. And Plaintiffs' argument that we should affirm the district court's separate awards of attorney's fees conveniently ignores the question whether claimants whose awards are held to be beyond the district court's subject matter jurisdiction can be considered prevailing parties.

There is one additional issue that can be considered even when the district court's subject matter jurisdiction is in doubt -- whether the district court erred in

denying (or not even addressing) Defendants' motion to transfer these cases to the Southern District of New York. In 1982, Congress addressed the question whether a district court lacking subject matter jurisdiction may nonetheless transfer an action to a federal court that has subject matter jurisdiction:

> **§ 1631.  Transfer to cure want of jurisdiction**
> Whenever a civil action is filed in a court as defined in section 610 . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed . . ., and the action . . . shall proceed as if it had been filed in . . . the court from which it is transferred.

28 U.S.C. § 1631.  Our court has not had much occasion to apply this statute.  In Johnson v. Woodcock, 444 F.3d 953, 954 n.2 (8th Cir. 2006), we deemed the request for transfer waived when it was first raised in a petition for rehearing on appeal.  But here, the issue was not viable until the Supreme Court's decision in Badgerow, so Johnson is not controlling on the issue of waiver.  In Bernard v. United States Department of the Interior, 674 F.3d 904, 909 (8th Cir. 2012), we held "that the requirements for transfer under § 1631 were not met" because the plaintiff had abandoned the "action which the district court could have transferred."  Again, that was not the situation when defendants filed their request to transfer under 28 U.S.C. § 1404(a) in the district court.[4]

Thus, we conclude that transfer under § 1631 is an issue that can be addressed before the district court's subject matter jurisdiction is resolved.  We decline to consider the issue because Badgerow has changed underlying circumstances that may affect whether transfer "is in the interest of justice."  Badgerow may deprive the

---

[4]Some courts have held that transfer under 28 U.S.C. § 1404(a) *may* be appropriate when the district court's subject matter jurisdiction is in doubt.  See In re Limitnone, LLC, 551 F.3d 572, 577-78 (7th Cir. 2008).

Southern District of New York of subject matter jurisdiction to confirm the awards as transferee court. But if so, the ongoing proceedings in <u>Ferguson</u> may provide the parties a transferee court with subject matter jurisdiction that can resolve the entire controversy, including the transferred claims, by settlement or otherwise, in a manner that is fair and more efficient than keeping some Plaintiffs' claims pending in the Eighth Circuit and leaving the remaining arbitration claimants to seek confirmation in state court. These issues can best be determined by the district court on remand, with input from the parties based on their views of the post-<u>Badgerow</u> alternatives for resolving this dispute.

## III. Conclusion

For these reasons, the judgments of the district court are vacated, including the awards of attorney's fees, and the consolidated cases are remanded to the district court for determination of transfer and subject matter jurisdiction issues, to the extent necessary, and for other further proceedings not inconsistent with this opinion the district court finds appropriate.

_____

## APPENDIX A

No. 21-3554 (Theresa Hursh v. DST Systems, Inc.)

No. 21-3567 (Bruce Allen v. DST Systems, Inc.)

No. 21-3569 (Nick Rutkowski v. DST Systems, Inc.)

No. 21-3570 (Katherine Gillespie v. DST Systems, Inc.)

No. 21-3571 (Benjamin Redwing v. DST Systems, Inc.)

No. 21-3573 (Michael Brandt v. DST Systems, Inc.)

No. 21-3574 (Mitchell Schwartz v. DST Systems, Inc.)

No. 21-3575 (Molly Eaton v. DST Systems, Inc.)

No. 21-3576 (Vanessa Bross v. DST Systems, Inc.)

No. 21-3577 (Fred Quatrocky v. DST Systems, Inc.)

No. 21-3578 (Jason Sutton v. DST Systems, Inc.)

No. 21-3579 (Kent Clower v. DST Systems, Inc.)

No. 21-3580 (Patrick Williams v. DST Systems, Inc.)

No. 21-3581 (Matthew Axton v. DST Systems, Inc.)

No. 21-3583 (Scott Yungeberg v. DST Systems, Inc.)

No. 21-3584 (Janet Howell v. DST Systems, Inc.)

No. 21-3585 (Barney Frazier v. DST Systems, Inc.)

No. 21-3586 (Anne Arnold v. DST Systems, Inc.)

No. 21-3587 (Maria Alvarado v. DST Systems, Inc.)

No. 21-3588 (Loren Province v. DST Systems, Inc.)

No. 21-3589 (Jason Hamilton v. DST Systems, Inc.)

No. 21-3590 (Lisa Cracraft v. DST Systems, Inc.)

No. 21-3591 (Terry Teghtmeyer v. DST Systems, Inc.)

No. 21-3592 (Caryl Summers v. DST Systems, Inc.)

No. 21-3593 (Larry Squires v. DST Systems, Inc.)

No. 21-3594 (Bruce Zollars v. DST Systems, Inc.)

No. 21-3595 (Stacey Goins v. DST Systems, Inc.)

No. 21-3596 (Cindy Gordanier v. DST Systems, Inc.)

No. 21-3597 (John Oswald v. DST Systems, Inc.)

No. 21-3598 (Linda Denny-Glynn v. DST Systems, Inc.)

No. 21-3599 (Jason Green v. DST Systems, Inc.)

No. 21-3600 (Gary Blanck v. DST Systems, Inc.)

No. 21-3601 (Kelly Highfill v. DST Systems, Inc.)

No. 21-3602 (Kim Gale v. DST Systems, Inc.)

No. 21-3603 (Kiva Miller v. DST Systems, Inc.)

No. 21-3604 (Bernard Billesbach v. DST Systems, Inc.)

No. 21-3605 (Stephanie McMillin v. DST Systems, Inc.)

No. 21-3606 (Lisa Kudrick v. DST Systems, Inc.)

No. 21-3607 (Kole Scarbrough v. DST Systems, Inc.)

No. 21-3608 (Diana Connelly Justus v. DST Systems, Inc.)

No. 21-3609 (Percy Payne v. DST Systems, Inc.)

No. 21-3610 (David Eisenberger v. DST Systems, Inc.)

No. 21-3612 (Matt Kolakowski v. DST Systems, Inc.)

No. 21-3613 (Janet Kannard v. DST Systems, Inc.)

No. 21-3617 (Keely Inman v. DST Systems, Inc.)

No. 21-3619 (Melody Miser v. DST Systems, Inc.)

No. 21-3621 (Travis Schulte v. DST Systems, Inc.)

No. 21-3623 (Jonathan Breckenridge-Mitchell v. DST Systems, Inc.)

No. 21-3625 (Barbara O'Mara v. DST Systems, Inc.)

No. 21-3626 (Dana Griem v. DST Systems, Inc.)

No. 21-3628 (Karen Owens v. DST Systems, Inc.)

No. 21-3629 (Waiyee Juley Tsang v. DST Systems, Inc.)

No. 21-3630 (Mark Cunningham v. DST Systems, Inc.)

No. 21-3633 (Jackie Older-Hefner v. DST Systems, Inc.)

No. 21-3635 (Angie Manske v. DST Systems, Inc.)

No. 21-3637 (Amy Keller v. DST Systems, Inc.)

No. 21-3638 (Dennis Dunbar v. DST Systems, Inc.)

No. 21-3642 (Linda Calder v. DST Systems, Inc.)

No. 21-3645 (Kim Bolch v. DST Systems, Inc.)

No. 21-3647 (Joshua Cook v. DST Systems, Inc.)

No. 21-3649 (John P. Harper v. DST Systems, Inc.)

No. 21-3650 (Russ Brooks v. DST Systems, Inc.)

No. 21-3659 (Kristy Hill Revis v. DST Systems, Inc.)

No. 21-3664 (Tina Carey v. DST Systems, Inc.)

No. 21-3666 (Phillip Biggs v. DST Systems, Inc.)

No. 21-3667 (Matt Dunn v. DST Systems, Inc.)

No. 21-3669 (Rob Berkstresser v. DST Systems, Inc.)

No. 21-3675 (Camille Jackson v. DST Systems, Inc.)

No. 21-3680 (Meri Ann Mason v. DST Systems, Inc.)

No. 21-3682 (Stephanie Brown v. DST Systems, Inc.)

No. 21-3921 (Susan Jones v. DST Systems, Inc.)

No. 21-3922 (Jeff Carroll v. DST Systems, Inc.)

No. 21-3923 (Larry Kincaid v. DST Systems, Inc.)

No. 21-3930 (John McConnell v. DST Systems, Inc.)

No. 21-3932 (Sally Schlintz v. DST Systems, Inc.)

No. 21-3933 (Diane Behney v. DST Systems, Inc.)

No. 21-3934 (Philip Neff v. DST Systems, Inc.)

No. 21-3935 (Charles Schell v. DST Systems, Inc.)

No. 21-3941 (Timothy Lyons v. DST Systems, Inc.)

No. 21-3943 (Don Woehrman v. DST Systems, Inc.)

No. 21-3944 (Sara Fogt v. DST Systems, Inc.)

No. 21-3945 (Mark Baker v. DST Systems, Inc.)

No. 21-3946 (Wanda Tyner v. DST Systems, Inc.)

No. 21-3947 (Michael Oltmanns v. DST Systems, Inc.)

No. 21-3948 (Paul Schenk v. DST Systems, Inc.)

No. 21-3950 (Leslie Wiggins v. DST Systems, Inc.)

No. 21-3953 (James Ducharme v. DST Systems, Inc.)

No. 21-3956 (Phil Klassen v. DST Systems, Inc.)

No. 21-3957 (Doug Black v. DST Systems, Inc.)

No. 21-3958 (Janice Cubbage v. DST Systems, Inc.)

No. 21-3959 (Debra Payne v. DST Systems, Inc.)

No. 21-3960 (Peggy Leineke v. DST Systems, Inc.)

No. 21-3961 (Tom Coulter v. DST Systems, Inc.)

No. 21-3962 (Judy Velasco v. DST Systems, Inc.)

No. 21-3963 (Gary Alter v. DST Systems, Inc.)

No. 21-3964 (Juree Barkley v. DST Systems, Inc.)

No. 21-3966 (Tom Buechel v. DST Systems, Inc.)

No. 21-3967 (Robert Tritt v. DST Systems, Inc.)

No. 21-3968 (Joe Campfield v. DST Systems, Inc.)

No. 21-3969 (Joan Horan v. DST Systems, Inc.)

No. 21-3970 (Patricia Mergen v. DST Systems, Inc.)

No. 21-3971 (William Hancock v. DST Systems, Inc.)

No. 21-3972 (Robert Sheeders v. DST Systems, Inc.)

No. 21-3974 (Gail O'Neal v. DST Systems, Inc.)

No. 21-3975 (Steven Sturgeon v. DST Systems, Inc.)

No. 21-3976 (Sandy Peoples v. DST Systems, Inc.)

No. 21-3977 (James Robinson v. DST Systems, Inc.)

No. 21-3978 (Mary Lou Kaufmann v. DST Systems, Inc.)

No. 21-3980 (Craig Schuerman v. DST Systems, Inc.)

No. 21-3981 (Jacqui Jensen v. DST Systems, Inc.)

No. 21-3982 (Rodney Kane v. DST Systems, Inc.)

No. 21-3983 (Chris Carter v. DST Systems, Inc.)

No. 21-3984 (Bruce Goins v. DST Systems, Inc.)

No. 21-3985 (Rob Hyberger v. DST Systems, Inc.)

No. 21-3986 (Shelley McMullin v. DST Systems, Inc.)

No. 21-3988 (Dianna Hoover v. DST Systems, Inc.)

No. 21-3989 (Jeff Harris v. DST Systems, Inc.)

No. 21-3990 (Stefan Kolev v. DST Systems, Inc.)

No. 21-3992 (Doug Stalcup v. DST Systems, Inc.)

No. 21-3993 (Joe Filardo v. DST Systems, Inc.)

No. 21-3997 (Kevin Moll v. DST Systems, Inc.)

No. 21-4000 (Becky Clyma v. DST Systems, Inc.)

No. 21-4002 (Stacey Bell v. DST Systems, Inc.)

No. 21-4003 (Leann Garvey v. DST Systems, Inc.)

No. 21-4004 (Darren Kinney v. DST Systems, Inc.)

No. 21-4006 (Dwayne Evans v. DST Systems, Inc.)

No. 21-4011 (Donald Belinger v. DST Systems, Inc.)

No. 21-4014 (Mitch VanKam v. DST Systems, Inc.)

No. 21-4015 (John Shultz v. DST Systems, Inc.)

No. 21-4017 (Stephen Bay v. DST Systems, Inc.)

No. 21-4018 (Melissa Simpkins v. DST Systems, Inc.)

No. 21-4019 (Barry Krevitz v. DST Systems, Inc.)

No. 21-4020 (Kimi Smyly v. DST Systems, Inc.)

No. 21-4021 (Scott Ready v. DST Systems, Inc.)

No. 21-4022 (Mark Salyer v. DST Systems, Inc.)

No. 21-4023 (Theresa Byers v. DST Systems, Inc.)

No. 21-4024 (Anne Beaulieu v. DST Systems, Inc.)

No. 21-4025 (Brent Larson v. DST Systems, Inc.)

No. 22-1001 (Chelle Adkins v. DST Systems, Inc.)

No. 22-1003 (Michael Brummel v. DST Systems, Inc.)

No. 22-1136 (Kevin Bostick v. DST Systems, Inc.)

No. 22-1139 (Sarah Murphy v. DST Systems, Inc.)

No. 22-1140 (Alicia Costanzo v. DST Systems, Inc.)

No. 22-1141 (Melanie Dillon v. DST Systems, Inc.)

No. 22-1142 (Ryan Magathan v. DST Systems, Inc.)

No. 22-1143 (Alice Wright v. DST Systems, Inc.)

No. 22-1144 (Brad McMillin v. DST Systems, Inc.)

No. 22-1145 (Thomas Kane v. DST Systems, Inc.)

No. 22-1146 (Jacqueline Davis v. DST Systems, Inc.)

No. 22-1147 (Roger Poynter v. DST Systems, Inc.)

No. 22-1148 (Thomas Edlund v. DST Systems, Inc.)

No. 22-1149 (Greg Bedell v. DST Systems, Inc.)

No. 22-1150 (Michael Gillespie v. DST Systems, Inc.)

No. 22-1151 (Patrick Lawless v. DST Systems, Inc.)

No. 22-1152 (Karen Mustain v. DST Systems, Inc.)

No. 22-1153 (Josh Rhodes v. DST Systems, Inc.)

No. 22-1154 (Dave Lovetere v. DST Systems, Inc.)

No. 22-1155 (Debbie Kallenberger v. DST Systems, Inc.)

No. 22-1156 (Joseph Kenney v. DST Systems, Inc.)

No. 22-1157 (Robert Conklin v. DST Systems, Inc.)

No. 22-1158 (Leanne Trimble v. DST Systems, Inc.)

No. 22-1159 (Michael Giro v. DST Systems, Inc.)

No. 22-1161 (Beth Rudolph v. DST Systems, Inc.)

No. 22-1162 (Tracy Prince v. DST Systems, Inc.)

No. 22-1163 (Harry Crocker v. DST Systems, Inc.)

No. 22-1164 (Margaret Pichelman Goforth v. DST Systems, Inc.)

No. 22-1165 (Lynn Sarowski v. DST Systems, Inc.)

No. 22-1166 (Tracy Alden v. DST Systems, Inc.)

No. 22-1167 (Jennifer McCord v. DST Systems, Inc.)

No. 22-1168 (Michael Spellman v. DST Systems, Inc.)

No. 22-1169 (Della Graybeal v. DST Systems, Inc.)

No. 22-1171 (Jill McManus Newtal v. DST Systems, Inc.)

No. 22-1173 (Leslie Riley v. DST Systems, Inc.)

No. 22-1174 (Parminderjit Singh v. DST Systems, Inc.)

No. 22-1176 (Martha Sabin v. DST Systems, Inc.)

No. 22-1179 (Stephanie Stevens v. DST Systems, Inc.)

No. 22-1181 (Kathleen Sarette v. DST Systems, Inc.)